462 A.2d 732

**COMMONWEALTH of Pennsylvania**

v.

**Robert Frederick HAZEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 1982.

Filed June 17, 1983.

Petition for Allowance of Appeal Denied March 29, 1984.

558

John H. Yoder, Smethport, for appellant.

Jay Paul Kahle, Smethport, for Commonwealth, appellee.

Before HESTER, BECK and VAN der VOORT, JJ.

BECK, Judge:

Robert Frederick Hazen appeals from the lower court's denial of his PCHA Petition. Finding no merit in appellant's contentions, we affirm.

On September 12, 1977, appellant entered a counselled guilty plea to the general charge of murder. Following a degree of guilt hearing, the lower court determined appellant guilty of third degree murder and sentenced him to 10-to-20 years imprisonment. Appellant took no direct appeal, but subsequently filed this petition challenging the voluntariness of his guilty plea and the effectiveness of his guilty plea counsel. The lower court held two evidentiary hearings and denied the petition, prompting this appeal.

Appellant's Petition claims (1) that the colloquy preceding his guilty plea was defective; and (2) that he was denied effective assistance of counsel. The specific allegations regarding the guilty plea are that he was not advised of the various degrees of homicide or the requirement of "malice," that he was not asked all the questions required by Pa.R. Crim.P. 319, that he was under a tranquilizing drug at the

time of the entry of his plea, and that he was not advised of the right of counsel on appeal.[1]

Rule 319 mandates that the trial court conduct an on-the-record examination of the defendant which establishes that the plea is voluntarily and understandingly tendered. The comment to the rule requires that the colloquy between the court and the accused elicit the following information:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974) requires that the rule 319 colloquy include a demonstration that the defendant understands the nature of the charges against him, including a record that the elements of the crime charged were outlined in understandable terms. Appellant relies on *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976) which found reversible error in failure to mention the element of malice in a murder charge, and *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977) which reversed a conviction for failure to ask question (4) on the presumption of innocence.

■ A party on appeal who challenges a guilty plea must first have filed a motion to withdraw the guilty plea in the court where it was entered. Pa.R.Crim.P. 320, 321. In the instant case, however, appellant's PCHA Petition also

---

1. We do not address this issue since all matters cognizable on appeal may be considered in the PCHA hearing, in which appellant was represented by appointed counsel. *Commonwealth v. Miller*, 246 Pa.Super. 392, 371 A.2d 896 (1977).

claims ineffective assistance of counsel, and in such cases we permit appellate review of a guilty plea colloquy without compliance with the rules. *Commonwealth v. Weiss,* 289 Pa.Super. 1, 432 A.2d 1020 (1981).

■ Our Supreme Court has recently ruled that when considering a Petition to withdraw a guilty plea after sentencing, "a showing of prejudice on the order of manifest injustice" is required before a withdrawal is justified. Otherwise, if a guilty plea could be easily retracted after sentencing, the accused would be encouraged "to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591, 593 (1982) (citations omitted). Moreover, guilty plea colloquies conducted without reference to each element of the offense do not, *per se,* result in involuntary pleas. At most, they shift the burden to the Commonwealth to prove voluntariness through other methods. *Commonwealth v. Thompson,* 302 Pa.Super. 19, 448 A.2d 74 (1982).

■ The record shows that in the instant case the lower court held a lengthy colloquy specifically informing appellant that although he was entering a plea to murder generally, it would not rise above third degree. The court carefully outlined the various rights that appellant would be forgoing by his plea, and range of sentences possible for a third degree murder conviction. Appellant indicated that he had discussed the plea and its consequences with his counsel and that he was satisfied with counsel's representation. Counsel testified at the PCHA hearing that he recalled meeting with appellant at the county jail thirteen or fourteen times prior to the plea and on several of those occasions discussing the elements and penalties of the various degrees of murder. In fact, counsel specifically recalled reading to and discussing with appellant the sections on murder in Jarvis' Pennsylvania Crimes Code. Although after the fact testimony by a defendant's counsel is not intended to replace an independent judicial conclusion as to the defendant's knowledge of the charges to which he is

pleading, it may, if sufficiently specific, be considered in the review of all the circumstances surrounding the plea. *Commonwealth v. Hines*, 496 Pa. 555, 437 A.2d 1180 (1981); *Commonwealth v. Gardner*, 499 Pa. 263, 452 A.2d 1346. In *Hines*, counsel had a "murky memory" concerning his discussions with the accused, but appellant's counsel recalled the exact content of his advice regarding the plea, including his reading appellant the elements of murder.

Recent decisions of this Court have analyzed the validity of guilty plea colloquies in light of intent and totality of the circumstances rather than a formalistic approach to the specific words exchanged between the trial court and the accused. Thus, absent a showing of actual prejudice, we have upheld the validity of the colloquy despite failure to utter the phrase "presumed innocent," *Commonwealth v. Siebert*, 305 Pa.Super. 321, 451 A.2d 552 (1982); or failure to advise the defendant concerning right to trial without a jury, *Commonwealth v. Warren*, 307 Pa.Super. 221, 453 A.2d 5 (1982); or that a conviction required jury unanimity, *Commonwealth v. Anthony*, 307 Pa.Super. 312, 453 A.2d 600 (1982). This approach is consonant with the ruling of the Supreme Court in *Commonwealth v. Martinez*, 499 Pa. 417, 453 A.2d 940 (1982) which stated that "The true constitutional imperative is that the defendant receive 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process'... ... Therefore, in addressing appellant's claim of manifest injustice requiring withdrawal of the plea, ... we will review all circumstances surrounding the entry of the plea" (at 420, citations omitted). "In a case where ample, competent evidence in support of a guilty plea is made a matter of record, allegations of manifest injustice arising from the guilty plea must go beyond a mere claim of lack of technical recitation of the legal elements of crimes" (*Id.*, at 422). Accordingly, we conclude that appellant has failed to establish manifest injustice requiring the withdrawal of his guilty plea.

■ Appellant contends also that his plea was not knowing and voluntary because he was under the influence of a tranquilizing drug. Although appellant was given medication after his purported suicide attempt, counsel, who had seen appellant many times prior to his taking the medication, opined that appellant was competent and showed no signs of being influenced by medication at the hearing. Moreover, appellant participated in a lengthy colloquy with the lower court, cogently answering each question addressed to him. We are satisfied that appellant knowingly and voluntarily entered his plea.[2]

■ Appellant also raises several challenges to counsel's effectiveness. In reviewing allegations of ineffectiveness, "our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Counsel will not be deemed ineffective for failing to raise or pursue a meritless issue. *Commonwealth v. Wilson*, 482 Pa. 350, 353, 393 A.2d 1141, 1143 (1978).

■ Appellant argues first that counsel was ineffective because he was being paid by appellant's parents to persuade appellant into pleading guilty, and thus was not effectuating appellant's best interests. Although counsel was paid by appellant's parents, he testified that his fee was not contingent upon persuading appellant to plead guilty and that at all times, appellant, and not appellant's parents, was his client. Counsel further testified that his advising appellant to plead guilty was based upon his review of the case and his personal belief that first degree murder was a possibility if the case went to trial. We are satisfied from counsel's testimony that there was no con-

---

**2.** Although inexplicably omitted from the record before us on this appeal, the lower court also found that the video tape testimony of appellant's attending physician further established appellant's voluntariness.

flict of interest in counsel's representation and his advice to plead guilty. Counsel analyzed the numerous eyewitnesses to the unprovoked shooting of an unarmed victim and appellant's contention that he was too intoxicated to recall what had happened, and told appellant that first degree murder was a distinct possibility if the matter went to trial. Counsel's frank appraisal of appellant's situation can hardly be said to be ineffective assistance of counsel. Moreover, the record clearly indicates that the decision to plead guilty was appellant's.

■ Finally, appellant contends that counsel was ineffective in waiving his right to be tried within 180 days under Pa.R.Crim.P. 1100, and requesting a continuance without appellant's knowledge or permission. Counsel, however, testified that the Commonwealth was ready for trial on the day of the waiver, but appellant did not want to proceed. Counsel was waiting for psychiatric reports that he hoped would support an insanity defense. Since appellant requested the waiver, and counsel had legitimate reason to seek it, the contention is without merit.

Affirmed.