685 A.2d 1000

COMMONWEALTH of Pennsylvania, Appellee,

v.

Edward Antjuan YAGER, Appellant.

Superior Court of Pennsylvania.

Argued May 6, 1996.

Filed Nov. 7, 1996.

430

432

Kirk J. Henderson, Assistant Public Defender, Pittsburgh, for appellant.

Thomas N. Farrell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before McEWEN, President Judge, CAVANAUGH, President Judge Emeritus and CIRILLO, President Judge Emeritus, and DEL SOLE, BECK, POPOVICH, FORD ELLIOTT, SAYLOR and EAKIN, JJ.

EAKIN, Judge.

Edward Antjuan Yager appeals from the order of the Court of Common Pleas of Allegheny County (Dauer, J., presiding) denying his petition for relief under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.*[1] We affirm.

On February 8, 1991 at 2:00 a.m., appellant and an accomplice burglarized a car dealership. When Pittsburgh Police Officers Joseph Renk and Frank Liftin responded to the dealership's silent alarm, appellant pulled a knife and plunged it seven inches into Officer Liftin's abdomen. Officer Renk heard the noise, came to investigate and struggled with appel-

1. As amended 1988, April 13, P.L. 336, No. 47, § 3, imd. effective. (The PCRA was further amended November 17, 1995, P.L. 1118, No. 32 (Spec. Sess No. 1), § 1, effective in 60 days.)

lant, finally subduing and handcuffing him. Appellant's accomplice escaped.

On July 15, 1991, appellant pled guilty to burglary,[2] theft by unlawful taking,[3] receiving stolen property,[4] two counts of aggravated assault,[5] recklessly endangering another person,[6] resisting arrest,[7] possession of instruments of crime [8] and criminal conspiracy.[9] On August 21, 1991, appellant was sentenced to an aggregate term of imprisonment of ten (10) to forty-seven (47) years.[10] Appellant filed a timely motion to reconsider sentence on the grounds that he had admitted his guilt, had cooperated with police and had presented mitigating evidence of his good character. The trial court denied the motion to modify. At no time did appellant file a motion to withdraw his plea or a direct appeal from the judgment of sentence.

After apparent satisfaction with his sentence for almost two years to the day following his plea, appellant filed a *pro se* PCRA petition on July 14, 1993. Appointed counsel filed an amended PCRA petition that the trial court denied after a hearing.

Appellant raises the following issue:

Did the lower court improperly deny PCRA relief where plea counsel failed to correct a defective guilty plea colloquy or move for its withdrawal when it was not explained on the

**2.** 18 Pa.C.S. § 3502.

**3.** 18 Pa.C.S. § 3921.

**4.** 18 Pa.C.S. § 3925.

**5.** 18 Pa.C.S. § 2702(a)(2) and (a)(3).

**6.** 18 Pa.C.S. § 2705.

**7.** 18 Pa.C.S. § 5104.

**8.** 18 Pa.C.S. § 907(b).

**9.** 18 Pa.C.S. § 903.

**10.** Specifically, appellant was sentenced to consecutive terms of one to ten years for burglary, six to twelve years for one count of aggravated assault and one to two years for the other aggravated assault count, one to ten years for conspiracy and one to five years for possession of an instrument of crime.

record to appellant that consecutive sentences could be imposed? [11]

Our review of a post-conviction court's grant or denial of relief is limited to determining whether the court's findings are supported by the record and the court's order is otherwise free of legal error. *Commonwealth v. Legg*, 447 Pa.Super. 362, 365, 669 A.2d 389, 391 (1995). We will not disturb findings that are supported by the record. *Id.*

To be eligible for post-conviction relief, appellant must establish by a preponderance of the evidence that his conviction or sentence resulted from "a plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty." 42 Pa.C.S. § 9543(a)(2)(iii).[12] *See also Commonwealth v. Shekerko*, 432 Pa.Super. 610, 639 A.2d 810, *alloc. denied*, 539 Pa. 677, 652 A.2d 1322 (1994) (because Shekerko pled guilty, the truth-

11. Appellant had raised this and a second issue in an appeal to this court. In a memorandum decision, the panel found that the plea colloquy adequately explained the elements of aggravated assault and dismissed this claim as meritless. Nevertheless, the panel also found the guilty plea colloquy deficient, as it did not specifically advise appellant that he could receive consecutive sentences. Accordingly, the panel vacated the judgment of sentence and remanded for trial. The Commonwealth sought and was granted reargument before this court *en banc*. As appellant herein concedes that he had notice of the elements of aggravated assault, we only address the issue set forth above.

12. In addition, our review of the record indicates that appellant's ineffectiveness claim has not been previously litigated, thereby meeting another eligibility requirement pursuant to 42 Pa.C.S. § 9543(a)(3). Where a claim has not been finally litigated, the PCRA also requires appellant to demonstrate that his claim has not been waived or that, if waived, the conditions in either 42 Pa.C.S. § 9543(a)(3)(ii) or (iii) have been met. In the instant case, appellant could have but did not raise this claim in a motion to withdraw his plea or in a direct appeal. 42 Pa.C.S. § 9544(b). However, appellant's claim is not waived because ineffective assistance of counsel will excuse the waiver under the PCRA as long as appellant had a constitutional right to counsel at the stage in the state proceedings where counsel's ineffectiveness resulted in the waiver. *Commonwealth v. Beasley*, 544 Pa. 554, 678 A.2d 773 (1996). Moreover, waiver will not be found if claims are raised at the earliest stage in the proceedings at which allegedly ineffective counsel is no longer representing claimant. *Commonwealth v. Griffin*, 537 Pa. 447, 644 A.2d 1167 (1994).

determining process is not implicated under 42 Pa.C.S. § 9543(a)(2)(ii); thus, his ineffectiveness claim in context of guilty plea fell under section 9543(a)(2)(iii), concerning the lawfulness of his plea).[13]

Appellant claims, in effect, that his plea was unknowing because of counsel's ineffective stewardship, i.e., failing to correct a defective guilty plea colloquy during which appellant was not informed that the court could impose consecutive sentences. Appellant argues that because the on-the-record colloquy failed to satisfy the mandate of *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992), his plea is invalid and he is entitled to withdraw it. In *Persinger*, our Supreme Court determined that Persinger's plea was not intelligently and understandingly entered where he thought his sentences would run concurrently and he was *never* informed that consecutive sentences could be imposed upon his multiple

13. While he does not couch his claim in terms of an unlawfully induced guilty plea under 42 Pa.C.S. § 9543(a)(2)(iii), appellant does argue that because the plea colloquy was defective due to counsel's ineffectiveness, the plea was unknowing and, therefore, legally invalid. 42 Pa.C.S. § 9543(a)(2)(iii). We do not view this as an ineffectiveness claim "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). We have interpreted this to mean that such a claim must raise an issue of whether an innocent individual has been convicted. *Commonwealth v. Fowler*, 447 Pa.Super. 534, 538, 670 A.2d 153, 154 (1996) (*en banc*). Conspicuously absent from appellant's request to withdraw his plea is any claim of innocence. Indeed, at the plea colloquy when the trial court asked him why he was pleading guilty to the charges, appellant replied, "I'm guilty, Your Honor." (N.T. Guilty Plea Colloquy, 7/15/91, at 19).

Appellant bases his claim solely on the failure of the trial judge to tell him something the record shows, and he conceded, he knew. Under these circumstances we reject appellant's essential argument that a failure to recite certain "magic words or phrases" constitutes per se grounds for reversal. *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984) (Court looked to totality of circumstances to find Anthony's plea knowing and voluntary where colloquy failed to inform him that jury verdict must be unanimous); *Commonwealth v. Martinez*, 499 Pa. 417, 422, 453 A.2d 940, 943 (1982) ("In a case where ample, competent evidence in support of a guilty plea is made a magger of record, allegations of manifest injustice arising from the guilty plea must go beyond a mere claim of lack of technical recitation of the legal elements of crimes").

convictions. Accordingly, Persinger demonstrated "prejudice on the order of manifest injustice" and was entitled to withdraw his plea. The Court further held that trial counsel's failure to file a motion to withdraw the plea amounted to ineffective assistance. In the instant case, however, the Commonwealth counters that *Persinger* is inapposite because appellant *was* advised by trial counsel that the sentences could (and likely would) be consecutive.

■ Our standard for reviewing an ineffectiveness claim is well settled:

> The threshold inquiry in ineffectiveness of counsel claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be ineffective for failing to assert a meritless claim. Once this threshold is met[,] we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course[,] then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice. The burden of establishing counsel's ineffectiveness is on the appellant because counsel's stewardship ... is presumptively effective.

*Commonwealth v. Paolello*, 542 Pa. 47, 75–76, 665 A.2d 439, 454 (1995) (citations omitted).

■ Moreover, claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea. *Commonwealth v. Chumley*, 482 Pa. 626, 394 A.2d 497 (1978), *cert. denied*, 440 U.S. 966, 99 S.Ct. 1515, 59 L.Ed.2d 781 (1979). This is similar to the "manifest injustice" standard applicable to all post-sentence attempts to withdraw a guilty plea. *Commonwealth v. Fluharty*, 429 Pa.Super. 213, 632 A.2d 312 (1993). The law does not require that appellant be

pleased with the outcome of his decision to enter a plea of guilty: "All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Myers*, 434 Pa.Super. 221, 225–26, 642 A.2d 1103, 1105 (1994).

To determine the voluntariness of a guilty plea and whether a defendant acted knowingly and intelligently, the Comment to Pa.R.Crim.P. 319 mandates that a trial court inquire into six particular areas, including "Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?" This includes the requirement that a defendant not only be advised of the maximum punishment that he might receive but also that *consecutive* sentences might be imposed. *Persinger*, 532 Pa. at 323, 615 A.2d at 1308.

In the instant case, with trial counsel's assistance, appellant completed an extensive written guilty plea form in which he acknowledged that he understood, and had discussed with counsel, the "permissible range of sentences and/or fines that could be imposed for the offenses charged." The trial court expressly informed appellant of the charges against him and the minimum and maximum sentences he could receive for each separate crime. (N.T. Guilty Plea Colloquy, 7/15/91, at 13–17). Appellant said he understood the charges against him and had discussed with counsel the charges and the possible penalties. (*Id.* at 17). Clearly, appellant was fully aware of the possible sentence he risked on each offense to which he pled guilty.

Nevertheless, appellant's guilty plea colloquy is deficient as it contains no reference to the possible imposition of consecutive sentences. Had the sentence imposed exceeded appellant's expectations of imprisonment so as to make his plea involuntary or unknowing, *Persinger* would mandate vacating the judgment of sentence, allowing appellant to withdraw his plea and remanding this case for trial. We do not

impose this result because the record shows appellant's plea was voluntarily and knowingly entered.

Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea. *Commonwealth v. Blackwell,* 436 Pa.Super. 294, 647 A.2d 915 (1994), *alloc. denied,* 540 Pa. 576, 655 A.2d 509 (1995). Even if there is an omission or defect in the guilty plea colloquy, the guilty plea will not be deemed invalid if the defendant fully understood the nature and consequences of his or her plea and then voluntarily and knowingly decided to plead guilty. *Id.* at 307–08, 647 A.2d at 921–22.

In reviewing a collateral attack on the stewardship of counsel, we presume that counsel is effective, and that "not every error by counsel can or will result in a constitutional violation of a defendant's Sixth Amendment right to counsel." *Commonwealth v. Howard,* 538 Pa. 86, 100, 645 A.2d 1300, 1307 (1994). Testimony by appellant and his counsel at the PCRA hearing may, if sufficiently specific, be considered in reviewing all the circumstances surrounding the plea. *Commonwealth v. Schultz,* 505 Pa. 188, 477 A.2d 1328 (1984) (Schultz's assertion that he did not have knowledge of burglary charge against him was belied by his testimony at hearing on motion to withdraw his guilty plea when he said he entered the grocery store with the "intention of securing money" and that at the time of the plea he knew he was accused of trying to hold up a grocery store); *Commonwealth v. Gardner,* 499 Pa. 263, 452 A.2d 1346 (1982) (defective guilty plea colloquy did not permit withdrawal of plea when supplemented by PCHA testimony of defense counsel that he did not object to plea colloquy because prior to the colloquy he had informed Gardner of his jury trial rights); *Commonwealth v. Hazen,* 315 Pa.Super. 557, 462 A.2d 732 (1983).

At the PCRA hearing, appellant testified that prior to the plea he knew the difference between consecutive and concurrent sentences. He claimed his counsel had explained he

would receive concurrent sentences.[14]   (N.T. PCRA Hearing, 11/29/94, at 24–25).

Trial counsel, however, disputed this latter assertion. Counsel testified at the PCRA hearing that in reviewing with appellant the written guilty plea form and the "permissible range of sentences and/or fines that can be imposed,"

> I would have indicated to any defendant, and in particular in this case, Mr. Yager, of his possible exposure.  By exposure I mean the maximum penalty that could be imposed on each of these offenses with the *likelihood or reasonably good likelihood that sentencing would be consecutive* with respect to the different counts of the Information.
>
> [QUESTION] So you would have explained to Mr. Yager that he could have received a maximum of 47 years?
>
> [COUNSEL] I most likely would have indicated that by indicating that he could have received 10 to 20, for example, on one count of burglary; 10 to 20 on one count of aggravated assault, and so on down the line with respect to the different charges.

(*Id.* at 12–13) (emphasis added).   Counsel discussed with appellant the possibility of consecutive sentences because the "case was scheduled before Judge Dauer, and based upon the seriousness of the charges, the nature of the charges, and the possibility that Mr. Yager could in fact receive a consecutive sentence on each or some of the respective counts . . . ."   (*Id.* at 7–8).

█  Clearly, appellant and trial counsel agreed they discussed the possible penalties appellant would face if he pled guilty to any or all of the charges against him.  They disagreed, however, on the precise content of those discussions. In resolving this conflict in evidence, the trial judge credited

14. Significantly, appellant does not reiterate strenuously in this appeal his assertion that he was promised concurrent sentences, perhaps because at the time of the plea, he expressly acknowledged to the trial court that no one had promised him "anything in return for [his] plea of guilty."   (N.T. Guilty Plea Colloquy, 7/15/91, at 18).   However, the fact that such a "promise" was significant to him demonstrates beyond peradventure his total familiarity with these concepts, the absence of which he paradoxically contends makes his plea unknowing.

trial counsel's testimony that he had informed appellant of the "likelihood" of consecutive sentences. Where a PCRA court's credibility determination is supported by the record, as it is here, it is binding on us. *Commonwealth v. Beasley,* 544 Pa. 554, 678 A.2d 773 (1996); *Commonwealth v. Garrity,* 509 Pa. 46, 500 A.2d 1106 (1985).

Thus, under the totality of the circumstances, appellant knew before pleading guilty that he could receive consecutive sentences because, unlike Persinger, appellant was *informed by trial counsel* that he could receive consecutive sentences.[15] Appellant does not now argue he thought he would receive concurrent sentences; when he pled, he acknowledged to the court he was not promised anything in return for his plea. Therefore, unlike Persinger, appellant was not sentenced to a term of imprisonment that exceeded his expectations, and his plea was not based upon a false belief as to the total possible aggregate sentence.

We conclude that appellant has not established manifest injustice requiring the withdrawal of his guilty plea. Unlike *Persinger,* testimony from the PCRA hearing shows that appellant knew full well he could receive consecutive sentences, and pled guilty with this knowledge fresh in his mind. To ignore what appellant in fact knew at the time he pled guilty, and focus solely on the words spoken at the colloquy, would unjustifiably elevate form over substance and render irrelevant any substantive inquiry into voluntariness. Justice McDermott recognized this when he observed that "challenges to the content of the colloquy ... all too often are used to disguise with legalistic formalism, what is, in essence, an attempt to obtain a new trial as relief from the sting of a jail sentence." *Commonwealth v. Shaffer,* 498 Pa. 342, 355 n. 1, 446 A.2d 591, 598 n. 1 (1982) (McDermott, J., concurring).

**15.** *Compare Persinger,* 532 Pa. at 322 n. 4, 615 A.2d at 1307–08 n. 4 ("Appellant acknowledged via the written plea colloquy that he had discussed the permissible range of his sentence with his attorney, however neither defense counsel nor the court explained to appellant that the sentences could result in consecutive terms of imprisonment").

■ Furthermore, appellant has failed to demonstrate that trial counsel had no reasonable basis for failing to object to the defective plea colloquy. In "correcting" the colloquy, trial counsel would merely have reiterated on the record what he had already told appellant. This might "complete the record," but it would add nothing to what appellant actually knew at the time of the plea. The requirement of a colloquy is a "form" that guarantees the "substance" of informing an accused of certain things before a plea. Where clearly that substance exists, form can take a back seat, particularly in the context of a PCRA proceeding. Had counsel amended the colloquy, the plea itself would be no more voluntary, knowing or intelligent since appellant knew of the possibility of consecutive sentences when he pled guilty. It is only now after facing the "sting of a jail sentence" that appellant, by challenging the words of the colloquy, attempts to refute what he knew and what trial counsel in fact advised him. Where the record establishes that appellant had the requisite knowledge at the requisite time, we will not pretend the truth is otherwise. Appellant's challenge does not implicate a manifest injustice so as to undo a plea that was manifestly voluntary and knowing when entered.

Nevertheless, appellant argues that trial counsel should have advised him to withdraw his plea. Again, this ignores the reality of appellant's situation. The totality of the circumstances shows that appellant entered an informed, voluntary plea, with complete knowledge of the consequences, and that trial counsel knew this. To move to withdraw appellant's plea, counsel would have had to allege an unknowing plea when he knew the truth was otherwise; we will not impose on counsel an obligation to aver what he knows is false.

■ Furthermore, it was the goal of the defense at this point to plead guilty. Our Supreme Court has recognized the various motivations that may prompt a plea:

A defendant may plead guilty for any reason: to shield others, avoid further exposure, to diminish the penalty, to be done with the matter, or any secret reason that appeals to his needs. What is generally and most objectively ac-

cepted is that a plea is offered to relieve conscience, to set the record straight and, as earnest of error and repentance, to accept the penalty.

*Commonwealth v. Anthony,* 504 Pa. 551, 558, 475 A.2d 1303, 1307 (1984). It was appellant's desire to plead guilty because, in his own words, "I'm guilty." (N.T. Guilty Plea Colloquy, 7/15/91, at 19). The goal of this strategy should be obvious: by pleading guilty, appellant could hope for a more lenient sentence than he might receive if his case went to trial. Indeed, this strategy apparently was successful since the trial court, in sentencing appellant, stated that it was taking into account appellant's plea of guilty as a "sign of remorse." (N.T. Sentencing, 8/21/91, at 12). For counsel to object to the colloquy or later move to withdraw the plea would have undermined this strategy. Since a reasonable basis existed for counsel's omission, appellant's ineffectiveness claim fails. Counsel may be deemed effective if any reasonable basis for his actions is apparent from the record; counsel's actual reasoning need not be established at an evidentiary hearing. *Commonwealth v. Hancharik,* 534 Pa. 435, 445, 633 A.2d 1074, 1079 (1993).

While the instant colloquy was deficient, the totality of the circumstances establishes no manifest injustice, and trial counsel was not ineffective for failing to propound deceit upon the court. The record supports the PCRA court's determination that counsel rendered effective assistance.

Order affirmed.

McEWEN, President Judge, and DEL SOLE, J., concur in the result.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting.

I agree that the majority disposition represents a perfectly reasonable result in response to appellant Yager's opportunistic attempt to set aside his 1991 guilty plea. I disagree with the methodology whereby our court undertakes to modify a

clearly enunciated authority established by our supreme court. As the majority readily concedes, the guilty plea colloquy in this case was deficient in that Yager was not advised of the potential for consecutive sentences for multiple convictions. In *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992), a unanimous supreme court [1] announced:

> A defendant obviously cannot be expected to plead intelligently without understanding the consequences of his plea. In order to understand the consequences of his plea it is clear that a defendant must be informed of the *maximum* punishment that might be imposed for his conduct. *Commonwealth v. Kulp* [476 Pa. 358, 382 A.2d 1209 (1978)], *supra*. To hold that the term "maximum" does not include the total possible aggregate sentence is clearly incorrect. And to hold that a plea was intelligently and understandingly entered where a defendant was not informed that consecutive sentences could be imposed upon his multiple convictions is equally incorrect.

532 Pa. 317, 323, 615 A.2d 1305, 1308.

Pennsylvania has sought to give credibility to guilty plea procedures and has therefore adopted formulistic requirements for a valid plea. Pa.R.Crim.P. 319 elaborates the requirements of a valid plea and *Persinger* declaratively stated that the possible aggregate sentence must be included in the colloquy. ("We find that the absence of this inquiry from the transcript renders the colloquy defective" [615 A.2d at 1308]). In order to avoid the harsh result required by the defective colloquy in this case, the majority is impelled to adopt a new "totality of circumstances" standard and to rely on trial counsel's hypothetical reconstruction of his discussions with his client. (" I would have indicated . . .") ("I most likely would have indicated . . .").

Our Supreme Court must be assumed to be aware of the consequences of its decisions. It is our duty to follow clear authority (or perhaps in a case such as this, voice disagreement with the application of that authority) but in any event

---

1. One justice concurred in the result.

precedent must be followed.[2]   I would reverse and remand for trial.

**2.**  *See, McMahon v. Shea,* 441 Pa.Super. 304, 657 A.2d 938 (1995) allocatur granted, 544 Pa. 611, 674 A.2d 1074, Cavanaugh, J., dissent.