**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Larry TURETSKY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 26, 2007.
Filed June 1, 2007.

Rocco C. Cipparone, Jr., Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: TODD, BENDER, JJ. and McEWEN, P.J.E.

OPINION BY BENDER, J.:

¶ 1 Larry Turetsky (Appellant) appeals from the order entered on March 23, 2006, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We vacate the or-

der dismissing Appellant's PCRA petition and remand this matter for a hearing to be held in accordance with this decision.

¶ 2 On June 9, 2004, after almost two days of testimony at his trial for sexual assaults committed against seven different women, Appellant entered an open guilty plea to one count of rape, one count of involuntary deviate sexual intercourse, two counts of aggravated indecent assault, and three counts of indecent assault. Appellant waived his pre-sentence report and was immediately sentenced to an aggregate term of seven to twenty years' imprisonment to be followed by fifty-five years' probation. In response to Appellant's motion for reconsideration of sentence, which the court granted, Appellant was re-sentenced on July 14, 2004, to an aggregate term of seven to twenty years' imprisonment followed by forty-six years' probation.

¶ 3 Appellant did not file a direct appeal; however, on June 6, 2005, Appellant filed the instant PCRA petition. After providing notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's petition on March 3, 2006, without a hearing. This appeal followed.

¶ 4 Appellant raises four issues for our review:

I. WHETHER APPELLANT'S GUILTY PLEAS CONSTITUTIONALLY WERE DEFICIENT BECAUSE HE WAS INCOMPETENT TO MAKE AN INTELLIGENT, VOLUNTARY AND KNOWING DECISION TO PLEAD GUILTY AND TO WAIVE HIS RESIDUAL TRIAL RIGHTS[?]

II. WHETHER THE COURT'S FAILURE TO ORDER A PRE-SENTENCE INVESTIGATION REPORT AND TO STATE ITS REASONS FOR DOING SO DE-

NIED APPELLANT HIS DUE PROCESS RIGHTS UNDER ARTICLE I § 9 OF THE PENNSYLVANIA CONSTITUTION, AND UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[?]

III. WHETHER APPELLANT'S CONVICTIONS AND SENTENCES RESULTED FROM THE INEFFECTIVE ASSISTANCE OF COUNSEL[?]

IV. WHETHER APPELLANT WAS ENTITLED TO AN EVIDENTIARY HEARING REGARDING THE ISSUES RAISED IN THE PCRA[?]

Appellant's brief at 3.

■ ¶ 5 This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley,* 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

■ ¶ 6 Initially, we note that "[t]o be entitled to PCRA relief, a petitioner must plead and prove, *inter alia,* that the allegation of error has not been previously litigated or waived." *Commonwealth v. Berry,* 877 A.2d 479, 482 (Pa.Super.2005), *appeal denied,* 591 Pa. 688, 917 A.2d 844 (2007). "An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." *Id.* These statements in *Berry* are derived directly from Section 9544(b) of the PCRA, which provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S. § 9544(b). We conclude that Appellant's first two issues could have been raised in a direct appeal, but since no direct appeal was taken, they are both deemed waived for purposes of this PCRA appeal.

■ ¶ 7 We now turn to Appellant's third issue in which he raises ineffectiveness assistance of counsel (IAC) claims. Specifically, Appellant asserts that:

A. Trial counsel's failure to investigate Appellant's mental health status and to notify the Court prior to or at the time of Appellant's guilty pleas that Appellant was suffering from mental and emotional problems which rendered Appellant legally incompetent was ineffective assistance of counsel[.]

B. Appellant's trial counsel's reviewing with Appellant and submitting to the Court a "Written Guilty Plea Colloquy" which form states inaccurately that the Appellant had "never seen a doctor ... for any mental problems" and had not "taken any medication in the last week" was ineffective assistance of counsel[.]

C. Trial counsel's waiver of a presentence report which would have revealed to the trial court Appellant's incompetence to make a voluntary, intelligent and knowing decision to plead guilty was ineffective assistance of counsel[.]

D. Trial counsel['s] waiver of a presentence investigation and report which would have revealed to the trial court information regarding the defendant's personal background and mental and emotional health status which would have been beneficial to the defendant in

connection with sentencing was ineffective assistance of counsel[.]

Appellant's brief at iii.

■ ¶ 8 In reviewing a claim of ineffective assistance of counsel, we adhere to the following principles:

In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326, 333 (1999). Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* The petitioner bears the burden of proving all three prongs of the test. *Commonwealth v. Meadows,* 567 Pa. 344, 787 A.2d 312, 319–20 (2001).

*Commonwealth v. Johnson,* 868 A.2d 1278, 1281 (Pa.Super.2005), *appeal denied,* 583 Pa. 680, 877 A.2d 460 (2005). Moreover, "[t]rial counsel is presumed to have been effective[.]" *Commonwealth v. Basemore,* 560 Pa. 258, 744 A.2d 717, 728 n. 10 (2000).

¶ 9 Appellant contends that notes from both his psychiatrist and his psychologist that he attached to his PCRA petition reveal that trial counsel knew that Appellant was receiving psychological counseling and treatment prior to the entry of his guilty pleas, that Appellant was at risk for suicide, and that he was considered disabled. Therefore, because "[t]rial counsel took no action regarding the information trial counsel had concerning Appellant's mental health disabilities and his use of prescription medications—either to further investigate or to notify the Court—prior to the entry of Appellant's guilty pleas[,]" Appellant's brief at 36, counsel should be found to have provided ineffective assistance of counsel.

¶ 10 In *Commonwealth v. Frey,* 588 Pa. 326, 904 A.2d 866, 872 (2006), our Supreme Court discussed competency to enter a plea of guilty to murder, explaining that:

Competence to plead guilty depends upon whether the defendant has the "ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense," *Commonwealth ex rel. Hilberry v. Maroney,* 424 Pa. 493, 227 A.2d 159, 160 (1967); *Commonwealth v. Chopak,* 532 Pa. 227, 615 A.2d 696, 699 (1992), and whether he has "sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding, and [has] a rational as well as factual understanding of the proceedings against him." *Commonwealth v. Minarik,* 493 Pa. 573, 427 A.2d 623, 628 (Pa.1981) (quoting *Commonwealth v. Turner,* 456 Pa. 309, 320 A.2d 113, 114 (Pa.1974)); *accord Commonwealth v. Appel,* 547 Pa. 171, 689 A.2d 891, 899 (Pa.1997).

¶ 11 The PCRA court in the instant matter responded to this issue raised by Appellant by discussing the notes of the various mental health care providers that Appellant submitted in connection with his PCRA petition. The court noted that "[w]hile Appellant may have suffered mental distress due to the trial, his PCRA petition fails to document any point in time in which his functioning was so impaired that he would either not be able to comprehend the proceeding before him or assist in his defense." Trial Court Opinion, 8/15/06, 10. Essentially, the PCRA court

concluded that although Appellant may have been incapacitated to work in a professional setting, the documentation he submitted in addition to both the oral and written plea colloquies did not support Appellant's claim that counsel was ineffective for failing to further investigate or inform the court of Appellant's alleged mental incompetence.

¶ 12 Centering on language in the written guilty plea colloquy, Appellant also claims ineffectiveness. We note that language as stating:

I have never seen a doctor or been in a hospital for any mental problems—I can understand what it going on.

I am not under the influence of drugs or alcohol. I have not taken any medicine in the last week.

Written Guilty Plea Colloquy at 1. Specifically, Appellant alleges that in light of the medical notes from his treating psychiatrist and psychologist, it is evident that these statements in the written colloquy were incorrect and, therefore, trial counsel was ineffective for failing to alert the court about Appellant's mental state. Appellant further asserts that had the court been so informed, further inquiry into Appellant's competence to plead guilty would have ensued and/or that factors considered in sentencing may have led to a more favorable sentence.

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. *Commonwealth v. Cappelli*, 340 Pa.Super. 9, 489 A.2d 813, 819 (1985). A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy. *[Commonwealth v.] Stork*, 737 A.2d [789,] 790–91.

. . . .

A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Cappelli*, 489 A.2d at 819.

*Commonwealth v. Pollard*, 832 A.2d 517, 524 (Pa.Super.2003).

¶ 13 Recognizing the above-stated rule in *Pollard*, which was addressed in the context of a direct appeal, this Court in *Commonwealth v. Hazen*, 315 Pa.Super. 557, 462 A.2d 732 (1983), was faced with a situation more akin to the one in the case before us. In *Hazen*, the appellant in a post-conviction context argued that his plea was not knowing and voluntary because he was under the influence of a tranquilizing drug that was prescribed following a purported suicide attempt. Hazen also argued ineffectiveness of counsel in that counsel was being paid by Hazen's parents who he believed wanted him to plead guilty. On appeal, our Court discussed the testimony presented by counsel at a post-conviction hearing about the appellant's demeanor in the numerous meetings they had. At the hearing, Hazen's trial counsel also opined that he believed the appellant was competent and showed no signs that the medication influenced his thinking. In addition to relying on evidence taken at the hearing to determine that the appellant was competent to enter a plea, our Court also noted the lengthy colloquy that took place in the trial court with the appellant "cogently answering each question addressed to him." *Id.* at 735. *See also Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1005

(1996) (stating "[t]estimony by appellant and his counsel at the PCRA hearing may, if sufficiently specific, be considered in reviewing all the circumstances surrounding the plea").

¶ 14 Here, we have an oral colloquy that meets the standards necessary to comport with what is required by Pa. R.Crim.P. 590. However, the written colloquy, according to Appellant and acknowledged by the PCRA court, contains inaccurate information about Appellant's treatment and prescription drug use. Unfortunately, we can not agree with the PCRA court that this misinformation was harmless. At the same time, we do not agree with Appellant that this error provides a basis for the withdrawal of Appellant's guilty plea or allows for re-sentencing at this point in time. Rather, we conclude that a hearing should have been held as was done in *Hazen* and as is requested by Appellant in his fourth issue.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. *Commonwealth v. Jordan,* 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *Id.* It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *Commonwealth v. Hardcastle,* 549 Pa. 450, 454, 701 A.2d 541, 542–543 (1997).

*Commonwealth v. Khalifah,* 852 A.2d 1238, 1239–40 (Pa.Super.2004).

¶ 15 In reviewing the record in this case, it is apparent that Appellant did undergo treatment for mental health problems and was prescribed various medications. It is also apparent that Appellant's counsel did notify the court that "[Appellant] has psychosexual issues that need to be dealt with and they will be dealt with in a therapeutic setting." N.T., 6/9/06, at 174. Counsel also stated that "these crimes were committed from a deep-rooted sense of confusion on [Appellant's] part about a lot of psychological problems that have no doubt been building up for many, many years." *Id.* In this Court's estimation, these two statements alone were sufficient to counter the fact that the written colloquy contained incorrect information. Nevertheless, it does not follow that allowing the inaccurate information to remain in the written colloquy prejudiced Appellant and would lead to a conclusion that Appellant was incompetent to plead guilty. However, a hearing with testimony from, at a minimum, Appellant's plea counsel, as was done in *Hazen,* would clarify this issue and provide evidence in the record to support a decision one way or the other. Accordingly, we conclude that Appellant should have been afforded a hearing.

¶ 16 In light of our decision to remand this matter for a hearing, we find it unnecessary to address Appellant's other two arguments concerning the waiver of the pre-sentence report. The information gleaned at the hearing on remand should provide the necessary evidence about Appellant's mental condition at the time he pled guilty, which is central to all the arguments Appellant raised in this appeal.

¶ 17 Order vacated. Case remanded for a hearing as directed in this opinion. Jurisdiction relinquished.