J-S35025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEROME WRIGHT, | |
| Appellant | No. 2740 EDA 2014 |

Appeal from the PCRA Order of August 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006089-2010

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 11, 2015**

Appellant, Gerome Wright, appeals *pro se* from the August 29, 2014 order dismissing his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and procedural history of this case are as follows.  On February 4, 2010, Raymond Roberts ("Roberts") was working as the doorman at the Evergreen Tower Apartments.  He learned of a disturbance in one of the apartment units.  Roberts, along with Kevin Quinn ("Quinn"), another employee at the apartment building, investigated the disturbance.  Upon entering the apartment unit, Roberts and Quinn were met by Appellant.  Appellant informed Roberts and Quinn that his grandfather cut his finger.  When Roberts went to the bedroom to confirm this story, Appellant ran at him with a pot or pan and hit him over the head.

* Retired Senior Judge assigned to the Superior Court

Roberts' injuries required seven staples. As Quinn attempted to leave the apartment unit, Appellant bit off a portion of Quinn's face. Appellant continued assaulting Quinn until they reached the lobby of the apartment building. At that time, bystanders restrained Appellant until police arrived.

When police arrived at the scene, they found Appellant's grandfather's body in the apartment unit. He had been stabbed several times in the head, neck, face, and chest. He was pronounced dead at the scene. Appellant was later questioned at police headquarters. During that interview, Appellant admitted that he stabbed his grandfather to death.

On May 17, 2010, Appellant was charged via criminal information with three counts of possessing an instrument of crime,[1] two counts of aggravated assault,[2] two counts of simple assault,[3] two counts of recklessly endangering another person,[4] and homicide.[5] On February 7, 2012, pursuant to a negotiated plea agreement, Appellant pled guilty to two counts of aggravated assault, possessing an instrument of crime, and third-degree

---

[1] 18 Pa.C.S.A. § 907.

[2] 18 Pa.C.S.A. § 2702.

[3] 18 Pa.C.S.A. § 2701.

[4] 18 Pa.C.S.A. § 2705.

[5] 18 Pa.C.S.A. § 2501.

murder.[6]  He was immediately sentenced to 25 to 50 years' imprisonment. Appellant did not file a direct appeal.

On August 16, 2012, Appellant filed a *pro se* PCRA petition.  On July 12, 2013, counsel was appointed.  On June 3, 2014, PCRA counsel filed a motion to withdraw as counsel along with a "no merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On July 28, 2014, the PCRA court issued notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss Appellant's petition without an evidentiary hearing.  Appellant responded to the Rule 907 notice. On August 29, 2014, the PCRA court dismissed Appellant's petition.  This timely appeal followed.[7]

Appellant raises three issues for our review:

1. [Was] Appellant [] denied a direct appeal when the [trial court] merely asked the Appellant if he wanted counsel to file an appeal at this moment[?]

2. Did the Appellant knowingly[ and] intelligently plead guilty to the crimes for which he is now [serving a sentence] when counsel should have known that the Appellant was mentally ill, moreover, that the Appellant's illness was well documented in the county prison where he was being held [before entering his plea]?

---

[6] 18 Pa.C.S.A. § 2502(c)

[7] On September 25, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement").  ***See*** Pa.R.A.P. 1925(b).  On October 16, 2014, Appellant filed his concise statement.  On December 12, 2014, the PCRA court issued its Rule 1925(a) opinion.  All issues raised on appeal were included in Appellant's concise statement.

3. Was PCRA counsel ineffective for failing to communicate with [] Appellant and failing to do his own investigation rather than relying on the information [] Appellant supplied in his *pro se* PCRA petition?

Appellant's Brief at 4 (emphasis removed).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Montalvo***, 114 A.3d 401, 409 (Pa. 2015) (internal quotation marks and citation omitted). "In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (*en banc*) (internal quotation marks and citations omitted).

All three of Appellant's issues allege that either trial and/or PCRA counsel were ineffective. As our Supreme Court has explained:

[T]o prove counsel ineffective, [a PCRA] petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Counsel is presumed to have rendered effective assistance.

A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first.

Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

In his first issue, Appellant argues that he was denied the right to file a direct appeal in this matter. Specifically, he argues that, based upon the trial court's statement at sentencing, he believed that he had to file an appeal immediately instead of filing an appeal within 30 days.

We conclude that Appellant's underlying claim lacks arguable merit because the trial court accurately advised Appellant of his rights. "The courts of this Commonwealth have held that a court breakdown occur[s] in instances where the trial court, at the time of sentencing, either fail[s] to advise [a]ppellant of his post-sentence and appellate rights or misadvise[s] him." ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008). Here, the trial court informed Appellant, "You are entitled to the assistance of counsel for . . . the appeal. . . . [T]he appeal would have to be done within 30 days of today's date. And again, you're entitled to the assistance of counsel, and they would represent you on appeal; if you wanted to [] file an appeal." N.T., 2/7/14, at 54. The trial court then asked Appellant if he wished to file an appeal at that moment, to which he responded that he did not. ***Id.*** It is evident from this portion of the colloquy that Appellant was properly notified of his appellate rights. The trial court did not state, nor did it insinuate, that

Appellant had to choose whether to appeal at that moment. Rather, it merely asked Appellant if he wanted to appeal at that time.

To the extent that Appellant argues that trial counsel failed to file a direct appeal on his behalf, this Court has stated that, "[t]o establish *per se* ineffectiveness, a defendant must still prove that he asked counsel to file a direct appeal." ***Commonwealth v. Callahan***, 101 A.3d 118, 124 n.12 (Pa. Super. 2014). In this case, Appellant does not aver that he asked trial counsel to file a direct appeal. Instead, he merely argues that counsel should have filed a direct appeal on his behalf. There is no obligation, however, for counsel to file a direct appeal on a client's behalf if the client does not inform counsel that he wishes to file a direct appeal. ***See Commonwealth v. Haun***, 32 A.3d 697, 705 (Pa. 2011).

Finally, to the extent that Appellant argues that trial counsel were ineffective for failing to consult with him regarding filing a direct appeal, that argument is waived.[8] First, it was not included in Appellant's PCRA petition. Instead, Appellant's PCRA petition merely alleged that both trial counsel were ineffective for failing to "protect[ Appellant's] appellate rights." PCRA Petition, 8/16/12, at 3. As such, it is waived. ***See Commonwealth v. Baumhammers***, 92 A.3d 708, 731 (Pa. 2014) ("[S]ince the present claim was not raised in [a]ppellant's PCRA petition, and no request was made to amend the petition to include it, it is waived."). Furthermore, Appellant's

_____

[8] Appellant was represented by two attorneys at his plea hearing. ***See*** N.T., 2/7/12, at 1.

statement of questions involved does not fairly encompass the issue of whether counsel failed to consult with Appellant regarding his direct appellate rights. Therefore, this argument is also waived pursuant to Pennsylvania Rule of Appellate Procedure 2116. Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Accordingly, Appellant's first issue on appeal is without merit.

In his second issue, Appellant argues that trial counsel were ineffective for permitting him to plead guilty despite his mental illness. In order for a plea to be valid, it must be made knowingly, intelligently, and voluntarily. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014). As this Court explained, whether a defendant possesses the mental

> [c]ompetence to plead guilty[, so as to make his plea knowing, intelligent, and voluntary,] depends upon whether the defendant has the ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense, and whether he has sufficient ability at the pertinent time to consult with his lawyers with a reasonable degree of rational understanding, and has a rational as well as factual understanding of the proceedings against him.

*Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007), *appeal denied*, 940 A.2d 365 (Pa. 2008) (internal alteration, quotation marks, and citations omitted).

We conclude that Appellant's underlying claim lacks arguable merit. Notwithstanding Appellant's statement in his written plea colloquy that he

never saw a doctor for mental illness, trial counsel raised Appellant's competency during the guilty plea hearing before the court. Trial counsel noted that they believed Appellant was not competent for two years after his arrest. *See* N.T., 2/7/12, at 29-30. Counsel noted that they were unable to communicate with Appellant during that time period. *Id.* They stated, however, that over the course of two years, psychiatrists at the jail treated Appellant with strong medication and that after approximately 18 months of treatment, they were finally able to communicate with Appellant. *See id.* Counsel believed that Appellant was competent to plead guilty to the various offenses at the conclusion of this period. *See id.*

It is evident from the record that trial counsel carefully considered Appellant's competency and only chose to proceed with a negotiated plea agreement once they believed Appellant was competent to knowingly, intelligently, and voluntarily plead guilty. Furthermore, the PCRA court, who also sat as the trial court, found that Appellant was competent at the guilty plea hearing. *See* PCRA Court Opinion, 12/12/14, at 5 ("[A]t the plea hearing, [Appellant] demonstrated that he had a comprehensive understanding that he was being charged with murder, as well as an understanding of the nature of the proceedings against him[.]").

We find instructive this Court's decision in *Commonwealth v. Hazen*, 462 A.2d 732 (Pa. Super. 1983). In *Hazen*, like in the case at bar, a post-conviction petitioner argued that trial counsel provided ineffective assistance

because he was not competent to plead guilty. This Court noted that trial counsel testified regarding his extensive meetings with the petitioner prior to the guilty plea hearing and that counsel believed the petitioner was competent to enter a guilty plea. *See id.* at 734. Although trial counsel's testimony in *Hazen* occurred at the Post-Conviction Hearing Act[9] hearing while trial counsels' statements in the case at bar occurred at the plea hearing, we find no reason to treat them differently. In both cases trial counsel set forth a detailed history of their client's mental illness and what steps had been taken to ensure their client was competent to plead guilty. Also, in both cases, counsel averred that their client was in fact competent at the plea hearing.

The record in this case stands in stark contrast to the record in *Turetsky*. Like the case at bar, the written colloquy in *Turetsky* contained an inaccuracy in that it stated the defendant never saw a doctor for mental health problems.[10] At the plea hearing, however, defense counsel made only two brief statements regarding the defendant's mental health, *i.e.*, that the defendant had "psychosexual issues" and "psychological problems." *Turetsky*, 925 A.2d at 882. Trial counsel in *Turetsky* did not give a detailed history of the defendant's mental health or outline why the defendant was competent to plead guilty. Because of counsel's failure to

---

[9] The Post-Conviction Hearing Act was the predecessor to the PCRA.

[10] *Turetsky* also originated in the Court of Common Pleas of Philadelphia County. The relevant wording of the written plea colloquies was identical.

rectify any misstatements in the written plea colloquy, this Court vacated and remanded the matter for an evidentiary hearing. As noted above, that is not what occurred in this case. Accordingly, we conclude that Appellant's second issue is without merit.

In his third issue, Appellant claims that PCRA counsel provided ineffective assistance. As Appellant challenges the effectiveness of PCRA counsel – and not trial counsel – he raises a layered ineffectiveness claim. While a layered ineffectiveness claim presents a separate and distinct claim from the underlying ineffectiveness claim, if the underlying ineffectiveness claim is without merit then the resultant layered ineffectiveness claim is likewise without merit. *See Commonwealth v. King*, 57 A.3d 607, 624 (Pa. 2012) (citations omitted).

Appellant raised five claims in his PCRA petition: (1) he was incapable of knowingly, intelligently, and voluntarily pleading guilty; (2) the murder was done in self-defense; (3) trial counsel were ineffective for failing to raise his competency at the plea hearing; (4) trial counsel were ineffective for failing to preserve his direct appellate rights; and (5) trial counsel were ineffective for failing to seek a pre-sentence investigation report. In order for PCRA counsel to be deemed ineffective, at least one of these five underlying claims must have arguable merit.

As to the first and second issues, those issues lack arguable merit because Appellant did not allege that his trial counsel were ineffective.

Instead, in those two issues, Appellant raised the **merits** of his competency to plead guilty and the **merits** of his self-defense claim. As such, those issues were without merit in the PCRA context. 42 Pa.C.S.A. § 9544(b) (claims that could have been raised on direct appeal are waived); **see Commonwealth v. Prendes**, 97 A.3d 337, 351 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (issue of whether plea was knowing, intelligent, and voluntary raised on direct appeal); **Commonwealth v. Derby**, 678 A.2d 784, 786 (Pa. Super. 1996) (issue of self-defense raised on direct appeal). Therefore, PCRA counsel was not ineffective for failing to pursue those claims. As noted above, we conclude that Appellant's third and fourth claims likewise lack arguable merit. Finally, Appellant is unable to show any prejudice relating to his counsel's failure to seek a pre-sentence investigation report. As noted above, Appellant entered into a negotiated plea agreement and he was sentenced according to the terms of that agreement whether a pre-sentence investigation report was ordered or not. As all of Appellant's underlying claims are meritless, his claim of layered ineffectiveness is likewise meritless. To the extent that Appellant argues that PCRA counsel failed to comply with **Turner/Finley**, we disagree. It is evident by reviewing PCRA counsel's **Turner/Finley** letter that he performed a thorough review of the record and determined that there were no issues of arguable merit. **See generally Turner/Finley** Letter, 6/3/14.

Accordingly, Appellant is not entitled to relief on his third issue raised on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2015