J-S77012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PEDRO VALENTIN | |
| Appellant | No. 3001 EDA 2013 |

Appeal from the PCRA Order October 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-010871-1999

BEFORE:  STABILE, JENKINS, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:               **FILED FEBRUARY 09, 2015**

Pedro Valentin appeals from an order dismissing his first, counseled petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46, as untimely.  Because Appellant failed to plead an exception to the PCRA's time bar, we affirm.

On April 28, 2000, a jury found Appellant guilty of third-degree murder, criminal conspiracy, and a violation of the Uniform Firearms Act.[1] Appellant was sentenced to an aggregate term of 15 to 40 years in prison. Appellant appealed the judgment of sentence to this Court, but we dismissed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 903(a), and 6106(a) (firearms not to be carried without a license).

the appeal on June 27, 2001 because Appellant's counsel failed to file a brief.[2]

Over ten years later, on September 9, 2010, Appellant filed a *pro se* PCRA petition, his first. For reasons that are not apparent from the record, counsel was not appointed until over a year later. PCRA counsel filed an amended petition seeking reinstatement of Appellant's direct appeal rights. In the petition, Appellant averred that he never received notice of the appeal's dismissal. Appellant failed to plead, however, when he learned of— or what actions he took that led him to discover—this Court's dismissal of his appeal. Appellant also claimed, based on his presentence investigation report, that he labored under learning and reading disabilities that hampered his ability to discover that appellate counsel had abandoned him. The PCRA court notified Appellant of its intention to dismiss the petition without a hearing, which it then did on October 10, 2013. This appeal followed.

On appeal, Appellant contends he is entitled to an evidentiary hearing on the merits of his petition or, alternatively, restoration of his right to a direct appeal. We review an order dismissing a PCRA petition without a hearing to determine whether the decision is supported by evidence of record and is free of legal error. ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012). We do not disturb the PCRA court's findings, unless

---

[2] Appellant's appeal was docketed at No. 526 EDA 2001.

there is no support in the record for those findings. *Id.* Furthermore, a petitioner does not have a right to a hearing on the merits of his PCRA petition. *Id.* (quoting *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007)).

PCRA petitions are subject to jurisdictional time limits, and no court may entertain the merits of an untimely PCRA petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). The default rule requires petitions to be filed within one year of the date on which the petitioner's judgment of sentence became final, *i.e.*, upon the expiration of direct review, unless the petitioner alleges and proves that the claim:

(i) Could not be presented earlier because of governmental interference;

(ii) Is based on previously unknown facts that could not be ascertained with due diligence; or

(iii) Is based on a new, retroactive constitutional right recognized by our Supreme Court or the Supreme Court of the United States.

*See* 42 Pa.C.S.A. § 9545(b)(1) and (3). Any claim invoking an exception must be filed within 60 days of the date when it could have been presented. *Id.* § 9545(b)(2). "**The petitioner has the burden to plead in the petition** and subsequently to prove that an exception applies." *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007) (emphasis added).

In this case, Appellant's petition undisputedly cannot meet the one-year time bar. Appellant's judgment of sentence became final on July 27,

2001, or when his time expired to petition for allowance of appeal from this Court's June 27, 2001 order dismissing his appeal. *See* Pa.R.A.P. 1113(a) (requiring petitions for allowance of appeal to be filed within 30 days after entry of the order to be reviewed). He filed his petition in 2010, years later. Therefore, the PCRA court had jurisdiction only if Appellant could meet one of the three exceptions.

Appellant's petition cannot meet one of the three exceptions to the PCRA's time bar. Appellant failed to plead when he learned of counsel's abandonment, or what he did to learn of the abandonment. Appellant bore the burden of pleading an exception to the time bar and that his petition was filed within 60 days of his discovery of counsel's abandonment. *See Folwer*, *supra*. It is true that Appellant's claim (appellate counsel's abandonment) qualifies for the "previously unknown" facts exception to the PCRA's time bar, 42 Pa.C.S.A. § 9545(b)(1)(ii). *Bennett*, 930 A.2d at 1274-75. To be timely however, Appellant was also required to exercise due diligence in discovering the abandonment, and file his petition within 60 days of discovering it. He did not do so here. Having failed to properly plead an exception to the PCRA's time bar, Appellant was not entitled to a hearing on his petition. Therefore, the PCRA court did not err in dismissing his petition without a hearing.[3]

_____

[3] Because the petition was untimely, we cannot consider the merits of Appellant's claims of ineffective assistance of counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2015