J-S19008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| HELEN LUCY GALLI | : | |
| | : | |
| Appellee | : | No. 1336 MDA 2016 |

Appeal from the PCRA Order July 19, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000828-2011

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.: **FILED JUNE 09, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Luzerne County Court of Common Pleas, which granted Appellee, Helen Lucy Galli's, first petition brought pursuant to the Post Conviction Relief Act ("PCRA")[1] and awarded her a new trial. We affirm.

The relevant facts of this case are as follows. Dawn Simyan ("Victim") spent the night at Victor Galli's house on March 30, 2010. Victim had been dating Mr. Galli for approximately three years. Appellee is Mr. Galli's mother. Victim woke up in the morning feeling sick and asked Mr. Galli for something to drink. Mr. Galli had only water in his refrigerator, which Victim declined. As a result, Mr. Galli told Victim he was going next door to

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

Appellee's house for breakfast and would return with a drink. Ten minutes later, Mr. Galli returned with a glass of juice for Victim. Victim took a few sips of the juice, which tasted sweeter than usual, and then went back to sleep. Victim finished the glass of juice around 11:00 a.m.

Shortly after ingesting the juice, Victim became dizzy. Victim's symptoms progressed throughout the day and, by 7:00 p.m., Victim had difficulty walking and breathing. On April 1, 2010, the following morning, Victim went to the hospital because she was vomiting and had difficulty moving and breathing. The doctors at the hospital diagnosed Victim's illness as ethylene glycol poisoning, a main ingredient of anti-freeze. Trooper Brogan interviewed Victim at the hospital. Victim told Trooper Brogan that when Mr. Galli handed Victim the glass of juice, Mr. Galli said, "Drink this, [Appellee] said it will make you feel better." Victim told Trooper Brogan that Victim did not ingest the anti-freeze purposefully; only Appellee and Mr. Galli knew Victim was at Mr. Galli's house; Mr. Galli and Victim were in love; and Appellee despised Victim.

Procedurally, Appellee was arrested and charged with aggravated assault, simple assault, and recklessly endangering another person ("REAP") for the poisoning. At trial, Victim testified that when Mr. Galli handed Victim the glass of juice, Mr. Galli said, "Drink this, [Appellee] said it will make you feel better." Victim said that after being poisoned, she did not have any relationship with Appellee because "[Appellee] tried to kill me." Victim also

- 2 -

testified that after the poisoning, Mr. Galli threatened her and said, "If you put my mother in jail, I'll kill you dead." Trooper Brogan testified Victim said, "[Mr. Galli] told me, [Appellee] said drink this; it will make you feel better." Trooper Brogan also provided her opinion as to Appellee's possible motives for poisoning Victim. Trial counsel did not move to preclude the admission of these statements at trial or object or request a curative instruction regarding these statements.

A jury convicted Appellee of aggravated assault, simple assault, and REAP on October 10, 2013. The court sentenced Appellee to an aggregate term of sixty six (66) to one hundred and forty four (144) months' imprisonment on December 5, 2013. Appellee filed post-sentence motions, which the court denied. This Court affirmed the judgment of sentence on April 30, 2015. **See Commonwealth v. Galli**, 121 A.3d 1146 (Pa.Super. 2015) (unpublished memorandum).

Appellee timely filed a counseled PCRA petition on November 3, 2015, a supplemental PCRA petition on January 28, 2016, and an amendment to the PCRA petition on February 5, 2016. In her combined petitions, Appellee alleged trial counsel was ineffective for failing to object to the testimony of Victim and Trooper Brogan at trial, some of which constituted inadmissible hearsay and improper opinion testimony. Appellee insisted trial counsel should have filed a motion *in limine* to preclude these hearsay and opinion statements at trial, made timely objections to the testimony, and requested

- 3 -

a curative instruction for Trooper Brogan's testimony. Appellee claimed the hearsay statements were highly prejudicial because they were the only evidence linking Appellee directly to the poisoning, and Trooper Brogan's opinion testimony was irrelevant to the charges against Appellee and highly prejudicial to Appellee. Additionally, Appellee claimed Trooper Brogan's testimony violated Appellee's 6th Amendment confrontation rights. Appellee asserted the combined effect of the questionable testimony at issue lacked a reasonable basis and but for counsel's omissions, the trial outcome would have been different. The court held a PCRA hearing on June 1, 2016. On July 19, 2016, the court granted Appellee PCRA relief, vacated her convictions, granted her a new trial, and released her on bail pending appeal. The Commonwealth timely filed a notice of appeal on August 2, 2016. The court did not order the Commonwealth to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b).

The Commonwealth raises one issue for our review:

> WHETHER THE PCRA COURT ERRED WHEN IT GRANTED [APPELLEE] A NEW TRIAL BECAUSE TRIAL COUNSEL HAD A REASONABLE STRATEGY IN NOT MAKING CERTAIN OBJECTIONS [AND APPELLEE] [SUFFERED NO] PREJUDICE?

(Commonwealth's Brief at 4).

For purposes of disposition, we combine the Commonwealth's arguments. The Commonwealth's overarching complaint is that Appellee received effective representation at trial. The Commonwealth first argues

- 4 -

Trooper Brogan's testimony, "[Victim] said, [Mr. Galli] told me, [Appellee] said drink this; it will make you feel better" did not violate Appellee's 6th Amendment confrontation right because trial counsel extensively cross-examined Victim about the statement. Additionally, both parties called Mr. Galli as a witness, and he was cross-examined each time. The Commonwealth asserts Appellee's 6th Amendment confrontation claim lacks arguable merit. Appellee concedes in her brief on appeal that her confrontation claim lacks arguable merit. (**See** Appellee's Brief at 17.) Therefore, we give the confrontation claim no further attention.

The Commonwealth likewise concedes Appellee's remaining issues have arguable merit. The Commonwealth next argues trial counsel had a reasonable basis for failing to object to the "hearsay" and "opinion" testimony at issue. The Commonwealth insists PCRA counsel conveniently ignored the litany of additional evidence linking Appellee to the poisoning, which was more than sufficient for a conviction. The Commonwealth avers trial counsel looked at the whole picture and developed a strategy to compare Victim as an eccentric, unstable, crazy, drunk, suicidal girlfriend, to Appellee as a loving, caring mother. The Commonwealth admits Victim's statement, "[Mr. Galli] said drink this, [Appellee] said it will make you feel better," was the prosecution's chief operative fact against Appellee; however, the Commonwealth maintains trial counsel's strategy to impugn Victim's character and credibility placed trial counsel in a position to argue

the chief operative fact did not exist because Victim had lied. The Commonwealth asserts trial counsel's "whole picture" strategy suggested Victim had poisoned herself. The Commonwealth concludes there was a reasonable basis for trial counsel's strategy and an objection to the testimony at issue would not have offered Appellee a substantially greater potential for success.

In a related argument, the Commonwealth concedes Victim's statement, [Mr. Galli] said, "drink this, [Appellee] said it will make you feel better" was inadmissible hearsay, but argues that Victim's testimony would have been admissible to impeach Mr. Galli's testimony if he had testified before Victim. The Commonwealth maintains that if Victim had not made the statement before Mr. Galli testified, Victim could have been recalled as a witness to testify about Mr. Galli's "prior inconsistent statement."[2]

_____

[2] The PCRA court rejected the Commonwealth's original arguments that Mr. Galli's statement, "Drink this, [Appellee] said it will make you feel better" was an "instruction," not an assertion, and that Mr. Galli's statement qualified as a present sense impression. The Commonwealth has abandoned these arguments on appeal. To the extent the Commonwealth argues Victim's testimony inevitably would have been admitted at trial, for the first time on appeal, this argument is waived. *See* Pa.R.A.P. 302(a) (stating issues not raised before trial court are waived and cannot be raised for first time on appeal). Additionally, the Commonwealth's "inevitability" claim is undeveloped and vague, consisting of a few conclusory statements which lack any cogent nexus between relevant law and the facts of this case. Thus, the Commonwealth's "inevitability" claim is waived on this ground as well. ***See Commonwealth v. Johnson***, 604 Pa. 176, 985 A.2d 915 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (explaining appellant waives issue on appeal where he fails to present claim
*(Footnote Continued Next Page)*

The Commonwealth further argues the forensic evidence presented at trial confirmed Victim ingested the poison while she was at Mr. Galli's apartment on March 31, 2010. The Commonwealth avers the prosecution would have used an elimination approach to establish Appellee poisoned Victim by eliminating Victim and Mr. Galli as suspects. The Commonwealth insists Appellee would have been convicted even if Victim's statement, "[Mr. Galli] said drink this, [Appellee] said it will make you feel better," had been excluded. The Commonwealth asserts Appellee suffered no prejudice. For these reasons, the Commonwealth concludes Appellee was not entitled to PCRA relief. We disagree.

Our standard of review of a grant or denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We exercise *de novo* review over the PCRA court's legal conclusions. *Commonwealth v. Spotz*, 610 Pa. 17, 44, 18 A.3d 244, 259 (2011). Traditionally, credibility issues are resolved by

_____
*(Footnote Continued)*

with citations to relevant authority or develop issue in meaningful fashion capable of review).

the trier of fact who had the opportunity to observe the witnesses' demeanor. ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. ***Id.***

Pennsylvania Rule of Evidence 801 defines hearsay as follows:

**Rule 801.  Definitions That Apply to This Article**

**(a) Statement.**  "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

**(b) Declarant.**  "Declarant" means the person who made the statement.

**(c) Hearsay.**  "Hearsay" means a statement that

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

Pa.R.E. 801(a)-(c)(1-2).  Hearsay is generally inadmissible unless: (1) an exception applies; or (2) the statement qualifies as "non-hearsay."  Pa.R.E. 802; ***Commonwealth v. Puksar***, 559 Pa. 358, 368, 740 A.2d 219, 225 (1999), *cert. denied*, 531 U.S. 829, 121 S.Ct. 79, 148 L.Ed.2d 42 (2000).  A hearsay exception cannot serve merely "as a conduit to support the admission of fact-bound evidence to be used for a substantive purpose." ***Commonwealth v. Moore***, 594 Pa. 619, 637, 937 A.2d 1062, 1073 (2007), *cert. denied*, 555 U.S. 969, 129 S.Ct. 452, 172 L.Ed.2d 326 (2008).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for counsel's errors and omissions, there is a reasonable probability the outcome of the proceedings would have been different. *Id.* "The petitioner bears the burden of proving all three prongs of the test." *Id.* Counsel is presumed to be effective, and the failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth*

*v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Id.* at 524, 645 A.2d at 194-95. "A chosen strategy will not be found to have lacked a reasonable basis unless it is proven that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Williams, supra* at 312, 899 A.2d at 1064 (internal quotes and citation omitted). If there is no reasonable basis for counsel's action, we move to the final point of the *Strickland/Pierce* analysis—prejudice. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). In determining prejudice, a court "must consider the totality of the evidence before the judge or jury." *Commonwealth v. Simmons*, 569 Pa. 405, 430, 804 A.2d 625, 640 (2001).

A defendant is entitled to a fair trial, not a perfect trial. *Commonwealth v. Robinson*, 583 Pa. 358, 375, 877 A.2d 433, 443 (2005). The actual prejudice required under *Strickland/Pierce* is a higher standard than the harmless error analysis typically applied when assessing allegations of trial court errors. *Commonwealth v. Gribble*, 580 Pa. 647, 676, 863 A.2d 455, 472 (2004). A defendant raising an ineffectiveness claim is required to show counsel's ineffectiveness was of such magnitude that it "could have reasonably had an adverse effect on the outcome of the proceedings." *Pierce, supra* at 162, 527 A.2d at 977. In other words,

there must be a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Commonwealth v. Cox***, 581 Pa. 107, 125, 863 A.2d 536, 546 (2004). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." ***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Fred A. Pierantoni, we conclude the Commonwealth's issue merits no relief. The PCRA Court opinions comprehensively discuss and properly dispose of the question presented. (***See*** PCRA Court Opinions, filed July 19, 2016, at 15-30, and April 17, 2014, at 7-39) (finding: Mr. Galli's statement to Victim, "Drink this, [Appellee] said it will make you feel better," was offered by Victim to prove truth of matter asserted; present sense impression exception does not apply because Victim was not present when Appellee purportedly made this statement; objection in this case would have precluded Commonwealth from directly demonstrating what trial counsel admitted was "chief operative fact" of case; Victim's hearsay statement went to core of Commonwealth's case and was essential, foundational piece of evidence directly implicating Appellee in alleged criminal conduct; statement at issue was hearsay, without any exception, that Commonwealth permitted and encouraged jury to consider as substantive evidence of Appellee's guilt; this

- 11 -

statement could have been eliminated from jury's consideration by motion *in limine* or objection during trial; trial counsel made no request for court to instruct jury not to consider this statement as substantive evidence of Appellee's guilt; additionally, Victim's testimony about Mr. Galli's threats to Victim post-incident was irrelevant to charges against Appellee; Trooper Brogan's testimony recounting Victim's statement about what Mr. Galli told her constituted triple hearsay; Trooper Brogan also expressed opinion regarding Appellee's alleged motive for poisoning Victim; trial counsel admitted he should have objected at trial to opinion testimony used to bolster Victim's credibility; trial counsel's theory of case cannot ignore rules of evidence to his client's detriment; simply identifying conduct as "trial strategy" does not preclude ineffectiveness or establish reasonable basis prong of ineffectiveness test; trial counsel was ineffective for failing to object to hearsay statements attributed to Appellee; trial counsel had no reasonable basis for failing to object to challenged statements; trial counsel's errors cumulatively established prejudice sufficient to warrant new trial).

We affirm based on the PCRA court's opinions except we respectfully disagree with the court that Trooper Brogan's testimony violated Appellee's 6th Amendment confrontation rights. Trial counsel extensively cross-examined Victim and Mr. Galli regarding Trooper Brogan's statement at trial. *See Commonwealth v. Mollett*, 5 A.3d 291, 308 (Pa.Super 2010) (stating:

"The Confrontation Clause does not bar a prior testimonial statement when the witness is available to defend or explain the statement"). Also, Appellee concedes this "confrontation" claim has no arguable merit. Therefore, we do not adopt that aspect of the court's opinions.

Order affirmed.

President Judge Emeritus Bender joins this memorandum.

President Judge Emeritus Stevens files a dissenting memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017