J-S33030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAROD BENSON, | : | |
| | : | |
| Appellant | : | No. 231 EDA 2018 |

Appeal from the PCRA Order Entered July 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003974-2011,
CP-51-CR-0007687-2011

BEFORE:   OTT, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                        Filed July 20, 2018

Sharod Benson appeals from the order entered on July 13, 2017, denying his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A jury found Benson guilty in November 2012, of attempted murder, aggravated assault, carrying a firearm on the public streets or property in Philadelphia, and possession of an instrument of crime.[1] The trial court subsequently sentenced Benson to an aggregate term of 12½ to 25 years' incarceration followed by five years of probation. On August 4, 2014, this Court affirmed the judgment of sentence. **See Commonwealth v. Benson**,

---

*   Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2502, 2702, 6108, 907(a), respectively.

1910 EDA 2013 (Pa.Super. filed Aug. 4, 2014) (unpublished memorandum). Benson did not seek allowance of appeal.

On May 20, 2015, Benson filed a *pro se* PCRA petition that gave rise to this appeal. The trial court appointed counsel, who filed a ***Finley***[2] letter on April 16, 2017. Benson filed an amended *pro se* PCRA petition, on May 4, 2017, and counsel filed a supplemental ***Finley*** letter on June 13, 2017, addressing the new issues in Benson's amended *pro se* PCRA petition. Benson then filed a second amended *pro se* PCRA petition. On July 13, 2017, the trial court dismissed Benson's PCRA petition. The court did not send Benson notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. This appeal followed.

Benson asserts the following issues in his Appellant's Brief:

I.    Had counsel failed to demand of the court to instruct the jury as to the law governing in court statements lacking identification under oath, outweighs misinterpreted facts, which warrants an acquittal, when in court lack of identification of the actual offender cannot be identified, and one witness clearly states that police fabricated the 1/22/11 statement based upon police personal belief; based upon the 1/15/11 interview, which the witness was unable to see during the 1/22/11 questioning because he was not wearing his glasses at the time of signing the statement, and told the jury he had not told the police he witnessed who the shooter actually was?

II.   Was PCRA counsel ineffective for not amending the petition to challenge trial counsel's failure to demand proper jury instructions as noted in question 1 above, when filing a "No Merit" letter?

---

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

III.   Was the [trial] court in error to proclaim the witness, Korvel Odd, had stated in his out of court statement and during trial: that the witness observed [Benson] as one of the shooters; to avoid vacating [Benson's] convictions, when the witness had not made any such statements?

IV.   Was the [trial] court in error to dismiss [Benson's] PCRA in support of cou[n]sel's "No Merit" letter, when knowing the court's assertions as to what the witness had proclaimed to have witnessed [Benson] as one of the shooters, but knew otherwise; rather than to have vacated [Benson's] convictions and dismissed all charges with prejudice, when the Commonwealth failed to prove the police had obtained the required evidence to prove [Benson] was in fact one of the shooters, and had nonetheless proceeded to trial; without proper evidence to substantiate probable cause?

V.   Was the [trial] court in error not to vacate the jury's verdict of guilt, when the Commonwealth lacked the required evidence to prove actual identification of [Benson] during trial, that [Benson] was in fact one of the shooters which the witnesses could not identify, and such lack thereof is insufficient to sustain the jury's determination of guilt; which is outweighed by the testimony of the witnesses?

VI.   Was the [trial] court in error to proclaim that [Benson] had admitted to being one of the shooters, but then admit that [Benson] had not actually admitted to such an offense; when the court acknowledged that [Benson] was only giving the court an example that one of the shooters was shooting into the air rather than at a victim, which is what one of the witnesses had testified to seeing a shooter doing; but still nonetheless refused to vacate [Benson's] convictions[,] despite the fact the Commonwealth lacked any form of actual evidence that [Benson] was one of the shooters, other than what the court trial to claim [Benson] admitted to; but actually had [not]?

Benson's Br. at 5-6 (pages numbers added; unnecessary capitalization and suggested answers omitted).

The Commonwealth argues that we should quash this appeal as untimely. Although the information in the certified record makes it unclear whether our jurisdiction is proper under the prisoner mailbox rule, we decline to quash. Ordinarily, we would issue a Rule to Show Cause to resolve the factual question, but we need not engage in that procedure here because Benson has waived all issues on appeal and his issues are meritless in any event.

Benson waived his arguments on appeal because the arguments in his brief are entirely different from those in his Pa.R.A.P. 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998) (concluding that failure to raise issue in Rule 1925(b) statement waives issue); *Burgoyne v. Pinecrest Cmty. Ass'n*, 924 A.2d 675, 680 n.4 (Pa.Super. 2007) (holding appellant waived issue presented in Rule 1925(b) statement for failure to present developed argument on that issue in brief).

Even if Benson's claims were not considered waived, no relief would be due because his claims are meritless. Benson first claims both trial and PCRA counsel were ineffective. We presume counsel was effective and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa.Super. 2007). A claim of ineffective assistance of counsel requires the petitioner to show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings

would have been different. **Commonwealth v. Kimball**, 724 A.2d 326, 333 (Pa. 1999).

Benson claims that trial counsel was ineffective for not asking the trial court to instruct the jury that in-court testimony outweighs a witness's prior inconsistent statement. **See** Benson's Br. at 11. However, "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence." **Commonwealth v. Champney**, 832 A.2d 403, 408 (Pa. 2003) (citing **Commonwealth v. Johnson**, 668 A.2d 97, 101 (Pa. 1995)). Benson's underlying claim thus lacks arguable merit and this claim fails. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim").

In any event, the trial court properly instructed the jury about its ability to weigh in-court testimony against prior inconsistent statements:

> Ladies and gentlemen, you have heard evidence that on prior occasions two witnesses made statements or gave testimony which in certain respects were inconsistent with their testimony at this trial . . . You may, if you choose, regard evidence relating to the contents of any prior inconsistent statement or testimony as proof of the truth of anything each of these witnesses said in his earlier statement or testimony. You may also consider this evidence to help you assess the credibility and weight of the testimony of each witness at this trial. Keep in mind that when you assess credibility and weight of testimony, you are deciding whether you believe it and how important you think it is.

N.T. Trial, 11/21/12, at 12-13.

Benson's claim that PCRA counsel was ineffective for not amending the PCRA petition to include a claim of trial counsel's alleged ineffectiveness, as

discussed above, is likewise meritless. PCRA counsel cannot be ineffective for failing to raise a meritless claim. *See Spotz*, 896 A.2d at 1210.

Benson also contends that the PCRA court incorrectly stated in its Pa.R.A.P. 1925(a) opinion that one of the witnesses, Korvel Odd, identified Benson at trial as the shooter. This is a misrepresentation of the PCRA court's opinion. Rather, in the course of evaluating whether PCRA counsel's *Finley* letter contained misstatements about Odd's trial testimony, the court noted the inconsistency between Odd's testimony and his prior statements to police, in which he had identified Benson as one of the shooters. The court then concluded that even if PCRA counsel had made the misstatements Benson claimed, it did not matter, as the PCRA petition was meritless in either case. We agree with this assessment.

Last, Benson argues that the trial court erred in dismissing his PCRA petition because the Commonwealth's witnesses could not identify Benson as one of the shooters. This claim amounts to a challenge to the weight of the evidence, which is not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543. Therefore, no relief is due. Additionally, Benson presented a weight of the evidence claim in his direct appeal, which this Court found waived for failure to raise the issue in the trial court. *See Commonwealth v. Benson*, 1910 EDA 2013, unpublished memorandum at 4-5 (Pa.Super. filed Aug. 4, 2014). We affirm the order of the PCRA court.

Order affirmed.

P.J.E. Stevens joins the Memorandum.

Judge Ott concurs in the result.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018