J-S67009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  v.   :
  :
  :
  :
AKI JONES   :
  :
  Appellant   :   No. 3853 EDA 2017

Appeal from the PCRA Order November 2, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003683-2014

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER[*], J.

MEMORANDUM BY OTT, J.:       **FILED FEBRUARY 27, 2019**

Aki Jones appeals *pro se*[1] from the order entered November 2, 2017, in

the Court of Common Pleas of Philadelphia County, that dismissed without a

hearing his first petition filed pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541-9546. Jones seeks relief from the judgment of

sentence to serve an aggregate term of 25 to 50 years' imprisonment,

imposed upon his convictions for attempted murder, aggravated assault,

witness intimidation, and conspiracy.[2] Jones claims (1) trial counsel was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court granted counsel's request to withdraw from representation
after appointed counsel filed a no merit letter.

[2] 18 Pa.C.S. §§ 901, 2702, 4952, and 903, respectively.

ineffective in failing to call Jacque Walker[3] as a witness, (2) trial counsel was ineffective for failing to present a handwriting expert as a witness, (3) trial counsel was ineffective in failing to file a motion *in limine* concerning "prior bad acts" evidence, and (4) the indicting grand jury process improperly restricted his access to discovery. **See** Jones's *pro se* Brief at 1-2. Based upon the following, we affirm.

The facts underlying Jones's convictions are summarized in a prior memorandum decision of this Court, and we need not recite them here. **See Commonwealth v. Aki Jones**, 159 A.3d 55 (Pa. Super. 2016), *appeal denied*, 169 A.3d 527 (Pa. 2017). On May 25, 2017, Jones timely filed a *pro se* PCRA petition. PCRA counsel was appointed, and filed a no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, on September 28, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss, and on October 17, 2017, Jones filed a response to the Rule 907 notice. On November 2, 2017, the PCRA Court dismissed the

---

[3] In his brief, Jones refers to this witness as "Jaqua Walker."

petition and granted appointed counsel leave to withdraw. This timely appeal followed.[4]

The principles that guide our review are well settled.

We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error. When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a de novo standard of review to the PCRA court's legal conclusions. We must review the PCRA court's findings and the evidence of record in a light most favorable to the Commonwealth as the winner at the trial level.

****

With respect to claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary. To prevail, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. With regard to the second prong (reasonable basis), we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative offered a potential for success substantially greater than the course actually pursued. Our review of counsel's performance must be highly deferential. To establish the third element (prejudice), the petitioner must show that there is a reasonable

---

[4] Although the PCRA court did not order Jones to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Jones filed a concise statement on November 22, 2017, after the PCRA court issued its opinion on November 2, 2017. *See* Jones's Concise Statement, 11/22/2017.

probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

Because a petitioner's failure to satisfy any of the above-mentioned elements is dispositive of the entire claim, [a] court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first.

****

To prove that trial counsel provided ineffective assistance for failing to call a witness, a petitioner must demonstrate:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

****

With respect to [a petitioner's] claim that he should have been provided a full evidentiary hearing on all of his PCRA claims, the law in this area is clear:

[T]he PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. We stress that an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.

*Commonwealth v. Brown*, 196 A.3d 130, 150-151, 167, 192-193 (Pa. 2018) (citations and internal citations omitted)

In the first two issues, Jones claims trial counsel's representation was deficient because he did not call certain witnesses. We discuss these issues together. In his first issue, Jones contends trial counsel was ineffective for failing to call Jacque Walker as a witness. In his second issue, Jones asserts trial counsel was ineffective for failing to present a handwriting expert.

The PCRA court rejected both claims, as follows:

[Jones's] claim that trial counsel was ineffective for not presenting Walker as a witness is without merit. First, [Jones] does not state whether Walker was available to testify; nor does [Jones] assert the nature of Walker's testimony. Second, the ATF [Department of Alcohol, Tobacco and Firearms] interviewed Walker on December 17, 2014. Walker, who was imprisoned with [Jones] at CFCF [Curran-Fromhold Correctional Facility] when the letter was post-marked, admitted to the ATF in a signed affidavit that he had placed his name and PP number on the envelope at the request of [Jones's] associate. N.T., 6/11/2015 at 64. Because Walker's testimony would have been inculpatory, supporting the Commonwealth's theory that [Jones]-not Walker-had authored the letter to Reid, counsel cannot be deemed ineffective for failing to call Walker as a witness.

In his 907 response, in addition to reiterating his claims, [Jones] alleges that PCRA counsel failed to address that trial counsel was ineffective for not hiring a handwriting expert to prove that [Jones] did not write the threatening letter to Reid. PCRA counsel did not address this issue in his *Finley* Letter. Nonetheless, the issue is without merit as [Jones] does not offer any expert witness to support his claim; nor does [Jones] assert what a handwriting expert would testify to. [Jones] also cannot demonstrate prejudice for trial counsel's inaction. Irrespective of whose handwriting was used to write the letter, the contents of the letter proves that [Jones] was the source. Reid and her mother both testified with

relevant knowledge that, based on the contents of the letter, [Jones] was its author. The letter's author not only made several references to his son, Zaire - [Jones] and Reid's son - but also referenced, by name, several of Reid's family members.[8] N.T., 6/10/2015 at 61-63; N.T., 6/11/2015 at 28-31,216-21. [Jones's] nickname ("A.DoTTTTTT") was also signed at the letter's conclusion. N.T., 6/10/2015 at 59-61. Accordingly, no relief is due.

_____

[8] In the letter, the author stated that, "I started to let my man set your house on fire at 4:00 in the a.m.[,] but I didn't know if my son was in there … I have two n[*]ggas already on deck and waiting on my green light and they know all y'all [sic]. You, Carla, little Carla, and Tone[;] and there won't be no wrong house sh[*]t or none of that." N.T., 6/11/2015, at 216-21; *see also* Commonwealth "Trial Exhibit 48(A)."

_____

PCRA Court Opinion, 11/2/2017, at 8-9 (footnote omitted).

Based on our review, we agree with the PCRA court's analysis of Jones's first two ineffectiveness claims, and its conclusion that these claims warrant no relief. Accordingly, Jones's first two issues fail.

Next, Jones contends trial counsel was ineffective for failing to file a motion *in limine* concerning "bad acts" evidence. **See** Pa.R.E. 404(b)(1).

In Jones's direct appeal, a panel of this Court addressed the issue of whether the trial court abused its discretion by permitting the Commonwealth to elicit testimony at trial that Jones was arrested on November 22, 2010 after Michael Vessels observed Jones holding a gun to a female's head and called police. The panel rejected Jones's argument that the evidence was

inadmissible pursuant Pennsylvania Rule of Evidence 404(b)(1), and explained that "the testimony at issue was admissible because it was part of the sequence of events that formed the history of this case and was relevant to establish [Jones's] underlying motive for the witness intimidation charge." ***Commonwealth v. Aki Jones***, 159 A.3d 55 (Pa. Super. 2016) (unpublished memorandum, at *12). Moreover, Jones concedes in his brief that trial counsel did object to this evidence at trial. ***See*** Jones's Brief at 8, *citing* N.T., 6/8/2015, at 46-47; 6/9/2015, at 34-36).

Jones's attempt to now recast the issue of "bad acts evidence" as an ineffectiveness claim fails since "it is well settled that a PCRA petitioner cannot obtain additional review of previously litigated claims by presenting new theories of relief including allegations of ineffectiveness." ***Commonwealth v. Sneed***, 45 A.3d 1096, 1112 (2012). Under the circumstances of this case, Jones's claim is previously litigated and frivolous. Therefore, no relief is due.

Finally, Jones maintains his constitutional rights were violated because the grand jury process improperly restricted his right to discovery. Jones argues he did not know Flora McMillan gave a grand jury statement, nor did he know Jacque Walker gave police statements until trial. ***See*** Jones's Brief, at 11-12. He insists this procedure violated his confrontation rights under the state and federal constitutions. He further argues he was not allowed to read or study his discovery outside the presence of his attorney. ***See id.*** at 12.

Jones maintains "the grand jury process created an inadequate course of preparation which contributed to the three (3) ineffective [a]ssistance of [c]ounsel claim(s) within the instant appeal." *Id.* We find this issue fails for several reasons.

First, waiver applies under the PCRA. The PCRA requires issues to be raised at the first opportunity or be considered waived. *See* 42 Pa.C.S. § 9544(b) ("An issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007) ("An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not.") (citation and quotations omitted). Here, because Jones did not raise this issue on direct appeal, it has been waived.

Further, in his PCRA petition, Jones only asserted, "Grand Jury process did not allow Defendant access to discovery, trial counsel was not prepared." Jones's PCRA petition, 5/25/2017, at 4. In his response to the PCRA court's Rule 907 notice, Jones reiterated, "the indicting grand jury process improperly restricted defendant's right to discovery." Jones's Response to Rule 907 Notice, at 2, ¶3/4. It bears emphasis that Jones's PCRA petition and Rule 907 response do not state the specifics of his claim or how the claim was cognizable under the PCRA. Accordingly, this claim fails because Jones did

- 8 -

not plead eligibility for post-conviction relief. *See* 42 Pa.C.S. § 9543(a) (petitioner has initial burden to plead and prove he is entitled to PCRA relief).

Moreover, in this appeal, Jones cites no legal authority in his brief to support his bald claim that the grand jury process violated his constitutional rights. Therefore, this claim is also waived on appeal for lack of development. *See* Pa.R.A.P. 2119(a) (requiring discussion and citation of legal authority to support issue raised); *Commonwealth v. Spotz*, 18 A.3d 244, 282 (Pa. 2011) ("A constitutional claim is not self-proving, and we will not divine an argument on Appellant's behalf."). Hence, this final claim affords Jones no relief.

Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/19