J-S49014-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TAN CAO NGUYEN | : | |
| | : | |
| Appellant | : | No. 109 WDA 2020 |

Appeal from the Order Entered December 26, 2019
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000067-2017


BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                     FILED DECEMBER 11, 2020

Appellant, Tan Cao Nguyen, appeals from the order entered December

26, 2019, which dismissed his petition for collateral relief filed pursuant to the

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1] On June 23, 2020, this Court, by per curium order, dismissed Appellant's appeal for failure to file a brief.  Order, 6/23/20.  On July 2, 2020, Appellant's counsel filed a petition to reinstate the appeal and a petition to vacate this Court's dismissal order.  On July 9, 2020, this Court reinstated the appeal and ordered Appellant to file his brief on or before August 5, 2020.  Order, 7/9/20. Appellant's counsel filed a brief through the PACFile electronic filing system on July 10, 2020.  Appellant, however, failed to file a paper version of his brief with the requisite number of copies.  Accordingly, on August 27, 2020, this Court ordered Appellant to file a paper version of his brief with the requisite copies within seven days of this Court's order, i.e. September 3, 2020.  Order, 8/27/20.  Appellant did not file a paper version of his brief until September 17, 2020, 21 days after this Court's order.  Thus, we could have dismissed Appellant's appeal for failure to comply with an order issued by this Court. However, as will be explained more fully below, both claims raised by

The PCRA court accurately summarized the facts and procedural history of this case as follows.

On February 23, 2017, [Appellant] pled guilty to one [] count of criminal attempt of robbery, in violation of 18 Pa. C.S.A. § 3702(a), a first degree felony; [and] one [] count of theft by unlawful taking, in violation of 18 [Pa.C.S.A.] § 3921(a), a third degree felony. Upon accepting the plea, the court ordered a psychiatric assessment of [Appellant]. Based on the psychiatric examination and report, the [c]ourt determined [Appellant] was guilty but mentally ill at the time of the commission of the offense and permitted [Appellant] to withdraw his initial guilty plea and enter a plea of guilty but mentally ill. On June 1, 2017, [Appellant] was sentenced, pursuant to [the] guilty but mentally ill provisions of the [statute] and the Mental Health Procedures Act, to an aggregate [term] of three [] to [22] and one-half [] years[' imprisonment].

On July 19, 2017, the [c]ourt granted prior defense counsel's motion to withdraw. Subsequently, [o]n June 29, 2018, current [d]efense [c]ounsel filed his entry of appearance and [a PCRA petition] based on ineffective [assistance of] counsel. On July 17, 2018, the [PCRA c]ourt issued an order scheduling a hearing on [Appellant's] PCRA petition for September 14, 2018 and reminding [d]efense [c]ounsel to file a motion to transport [Appellant]. That order was served via facsimile to the District Attorney's office and [d]efense [c]ounsel's office. Defense [c]ounsel failed to file a motion to have [Appellant] transported to be present for the PCRA hearing and failed to attend the hearing[. Therefore, on September 18, 2018, the c]ourt dismissed [Appellant's] PCRA petition. [Appellant then appealed the PCRA court's order.]

* * *

On August 12, 2019, [a panel of this Court] issued an opinion vacating and remanding th[e PCRA c]ourt's dismissal of the PCRA petition. [Commonwealth v. Nguyen, 2019 WL 3781912 at *1 (Pa. Super. Aug 12, 2019).] ... [Ultimately, this Court] concluded

_____

Appellant are waived. As such, we decline to dismiss his appeal based upon his failure to file a timely paper appellate brief.

that [the PCRA court] abused its discretion by dismissing the case rather than imposing a different sanction tailored to [d]efense [c]ounsel's error.

On remand, th[e PCRA c]ourt conducted a hearing on [Appellant's] PCRA petition on December 20, 2019. At that hearing, the [c]ourt received testimony from [Appellant] and prior defense counsel, Attorney [Jeri Louise] Bolton. The court admitted evidence regarding [Appellant's] competence at the time that he entered his initial guilty plea and during subsequent stages of the proceedings, and regarding [Appellant's] mental state at the time he engaged in the conduct forming the basis of his conviction.

PCRA Court Opinion, 4/7/20, at 1-5 (internal citations omitted). Thereafter, on December 26, 2019, the PCRA court denied Appellant's PCRA petition. This timely appeal followed.[2]

Appellant raises the following issues on appeal:

I. Did the [PCRA] court abuse its discretion in dismissing [Appellant's] PCRA [petition] where trial counsel was ineffective for failing to investigate and effectuate an insanity defense?

II. Did the [PCRA] court abuse[] its discretion in [] dismissing [Appellant's] PCRA [petition] on the basis that [Appellant] was not competent at the time of his plea or sentencing as he was hearing voices and was non-responsive to basic inquiries?

Appellant's Brief at 7.

In his first issue, Appellant contends that the PCRA court erred in dismissing his PCRA petition because trial counsel provided ineffective assistance. Appellant, however, failed to raise this issue in his Rule 1925(b)

_____

[2] Appellant filed a notice of appeal on January 21, 2020. On January 23, 2020, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b)(1). Appellant timely complied. The PCRA court issued its Rule 1925(a) opinion on April 7, 2020.

statement. Indeed, Appellant only raised the following issues in his concise statement:

I. The PCRA [c]ourt erred by dismissing/denying [Appellant's] PCRA petition as [he] was incompetent at the time . . . [he] enter[ed] [his] plea [and at] sentencing.

II. The PCRA [c]ourt erred by dismissing/denying [Appellant's] PCRA petition as [he] did not fit the definition of "guilty by mentally ill."

Appellant's Concise Statement of Errors Complained of on Appeal, 2/13/20, at 1. Pa.R.A.P. 1925(b)(4)(vii) provides that "[i]ssues not included in the [concise s]tatement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). Because Appellant did not raise his claim of ineffectiveness in his concise statement, we conclude that his first appellate issue is waived. See Commonwealth v. Dowling, 778 A.2d 683, 686 (Pa. Super. 2001) (explaining that "any issues not raised in [a Rule 1925(b)] statement [are] waived").

In his second issue, Appellant argues that the PCRA court erred in dismissing his PCRA petition because, at the time he entered his plea, and during sentencing, he was not competent. As we have stated:

> [t]his Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. We may affirm a PCRA court's decision on any grounds if it is supported by the record.

Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa. Super. 2010) (internal citations omitted).

We observe the following:

"to be entitled to PCRA relief, a petitioner must plead and prove, inter alia, that the allegation of error has not been previously litigated or waived." Commonwealth v. Berry, 877 A.2d 479, 482 (Pa. Super. 2005), appeal denied, 917 A.2d 844 (Pa. 2007). "An issue is waived if it could have been raised prior to the filing of the PCRA petition, but was not." Id. These statements in Berry are derived directly from Section 954[4](b) of the PCRA, which provides that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.[A.] § 954[4](b).

Commonwealth v. Turetsky, 925 A.2d 876, 879 (Pa. Super. 2007). Thus, if an issue presented in a PCRA petition could have been raised on direct appeal and was not, the issue is waived. Id.

Herein, a review of the certified record reveals that Appellant could have raised the issue of his competency before the trial court but failed to do so. Indeed, Appellant did not raise this issue after he entered his plea, during sentencing, or in a post-sentence motion. Appellant also failed to file a direct appeal. Furthermore, Appellant currently raises this issue as a standalone claim, and does not couch his claim in terms of ineffective assistance of counsel. Therefore, Appellant's second appellate issue is also waived. See Commonwealth v. Wagner, 2020 WL 6609961, at *4 (Pa. Super. Nov. 12, 2020) (unpublished memorandum) (holding that the appellant's claims of trial court error were waived because she "failed to file either a timely

post-sentence motion or direct appeal"); see also Commonwealth v. Mason, 130 A.3d 601, 674 (Pa. 2015) (explaining that the appellant's failure "to couch the present claim within an ineffective assistance of prior counsel claim" results in waiver).

Because both of Appellant's issues are waived, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2020