J-A09012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAWN T. MOSES :
:
Appellant : No. 2449 EDA 2021

Appeal from the PCRA Order Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-00010562-2012

BEFORE: NICHOLS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JUNE 8, 2022**

Appellant Shawn T. Moses appeals from the order denying his first

timely Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that the

PCRA court erred in rejecting his claim that standby counsel was ineffective.

We affirm.

A prior panel of this Court summarized the relevant facts of this matter

as follows:

> [Appellant] was arrested and charged with robbery, aggravated
> assault, [possession of an instrument of crime] (PIC), simple
> assault, and related offenses. [Appellant] was appointed
> numerous court-appointed counsel and public defenders, and was
> dissatisfied with the representation provided by each of them.
> [Appellant] thereafter sought leave to proceed *pro se* with standby
> counsel[, Attorney Judge Hall, Esq.]. The trial court undertook a

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

colloquy on the record to determine [Appellant's] understanding of the rights he was giving up by waiving counsel, the risks associated with proceeding *pro se*, and the voluntariness of his decision to do so. Ultimately, because [Appellant] convinced the trial court that his decision to represent himself at trial was knowing, voluntary and intelligent, the court granted his request to proceed *pro se* with standby counsel.

The matter then proceeded to a jury trial. During cross-examination, [Appellant] attempted to question [the complainant, Brian] Atkerson regarding text messages that Atkerson exchanged with [Appellant's] mother, Ms. Moss. Atkerson admitted that he had sent her text messages, but could not recall the substance of the text messages. The Commonwealth objected to any questioning regarding the content of the text messages because they had not been provided to the Commonwealth. The trial court ruled that the text messages were irrelevant, and precluded their admission. At the close of the Commonwealth's case, [Appellant] represented to the trial court that he intended to call Ms. Moss as a witness. The trial court initially stated that it would receive her testimony; however, the trial court later reversed that ruling because [Appellant's] only purpose in calling Ms. Moss was to have her testify about the text messages.

[Appellant] also represented to the trial court that he wished to testify on his own behalf. The trial court conducted a colloquy regarding his testimonial rights, after which [Appellant] was undecided about testifying. The trial court instructed [Appellant] to consider the matter overnight, and to speak with standby counsel regarding his decision. The next day, [Appellant] informed the trial court that he had changed his mind, and did not wish to testify. At the conclusion of trial, the jury convicted [Appellant] of the above-noted offenses.

*Commonwealth v. Moses*, 2597 EDA 2019, 2020 WL 5906140 at *1-2 (Pa. Super. filed Oct. 6, 2020) (unpublished mem.).

On August 10, 2018, the trial court sentenced Appellant to an aggregate term of six to fifteen years' incarceration. Appellant subsequently filed a direct appeal in which he challenged the validity of his colloquy to proceed *pro se*,

his waiver of the right to testify, and several of the trial court's evidentiary rulings. Ultimately, this Court affirmed Appellant's judgment of sentence. *See id.* at *9.

Appellant filed a timely PCRA petition on October 19, 2021. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. On October 25, 2021, the PCRA court issue a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. On November 22, 2021, the PCRA court issued an order and opinion dismissing Appellant's petition. *See* PCRA Ct. Order & Op., 11/22/21, at 1-2.

Appellant subsequently filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement and Appellant did not file one.

On appeal, Appellant raises the following issue:

> Did the PCRA err by denying [Appellant's] claim of ineffectiveness when standby counsel [Attorney] Hall was so legally ineffective that it was the equivalent to having no legal assistance at all?

Appellant's Brief at 7.

The crux of Appellant's claim is that Attorney Hall was ineffective because he failed to fulfill his obligations as standby counsel. In support, Appellant asserts that the role of standby counsel is to "help *pro se* defendants navigate the challenges of a criminal trial." *Id.* at 21. Appellant argues that "it is clear from the record" that he wanted assistance, but that Attorney Hall "offered nothing." *Id.* Specifically, Appellant argues that standby counsel (1)

failed to provide the Commonwealth with text messages that he received from Appellant and Appellant's mother, which "were ultimately precluded at trial because of discovery violations;" (2) failed to adequately communicate with Appellant's family; and (3) failed to make various objections at trial. *Id.* at 12-16. Therefore, Appellant concludes that Attorney Hall, as "standby counsel[,] was so woefully absent and legally ineffective that it was the equivalent to having no legal assistance at all." *Id.* at 20.

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

We presume that the petitioner's counsel was effective. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citations omitted).

- 4 -

The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* (citations omitted). Moreover, "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

With respect to standby counsel, our Supreme Court has explained:

When a defendant elects to proceed at trial *pro se*, the defendant—and not standby counsel—is in fact counsel of record and is responsible for trying the case. This understanding of the limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed *pro se* "must be honored out of 'that respect for the individual which is the lifeblood of the law'" even when the defendant acts to his or her own detriment. [*Faretta v. California*, 422 U.S. 806, 834 (1975)]. This understanding also underlies our prior holding that a defendant who chooses to represent himself cannot obtain relief by raising a claim of ineffectiveness of counsel or standby counsel.

*Commonwealth v. Spotz*, 47 A.3d 63, 83 (Pa. 2012) (some citations omitted).

Here, the PCRA court addressed Appellant's claim as follows:

[Appellant] seeks a new trial based on the alleged ineffectiveness "of trial counsel, [Attorney] Hall." His petition sets forth the alleged areas of ineffectiveness by [Attorney] Hall. The alleged ineffectiveness consists of failure to adequately visit [Appellant] in custody, receive phone calls and text messages from [Appellant's] mother -- texts of which [Appellant] was aware --

- 5 -

and failure to object to certain questions posed by the prosecution or to certain testimony.

The record is crystal clear that [Attorney] Hall was not "trial counsel." On March 20, 2017, [Appellant] was given leave to represent himself *pro se*, from which point [Attorney] Hall was standby counsel, including at trial which commenced on November 6, 2017. [This is a] fact [Appellant] concedes in his petition. In [Appellant's] direct appeal . . . he challenged the decision to permit him to proceed *pro se* at trial, [and that] challenge was rejected because "as the record demonstrates that the trial court satisfied the minimum requirements of Rule 121 [of the Pennsylvania Rules of Criminal Procedure], and the record supports the trial court's conclusion that [Appellant's] waiver of counsel was, in fact, knowing, intelligent, and voluntary, we cannot grant him relief on his first issue." ***Moses***, 2020 WL 5906140 at *6. Since [Appellant] was proceeding *pro se*, [Attorney] Hall was not trial counsel and was not responsible for interposing objections or otherwise trying the case, [Appellant] was. As the Superior Court explained in its opinion on [Appellant's] direct appeal:

> [W]hen a defendant elects to proceed *pro se*, as was herein the case, he cannot obtain relief by raising a claim of ineffectiveness of standby counsel. ***See*** [***Spotz***, 47 A.3d at 83]; ***see also Commonwealth v. Fletcher***, 986 A.2d 759, 778 (Pa. 2009) (holding that a defendant who chooses to represent himself has no recourse if he or standby counsel has been ineffective). The appointment of standby counsel does not imply or authorize some sort of hybrid representation. ***Spotz***, 47 A.3d at 83. Thus, "[w]hen a defendant elects to proceed at trial *pro se*, the defendant- and not standby counsel-is in fact counsel of record and is responsible for trying the case." ***Id.***

***Moses***, 2020 WL 5906140 at *8.

[Appellant] also alleges a failure by [Attorney] Hall to return phone calls from [Appellant's] mother or accept text messages from her on March 6, 2017. This time period is prior to [Appellant] taking over his own representation on March 20, 2017, before [Attorney] Hall's status changed from defense counsel to standby counsel. [Appellant] also alleges that "[Attorney] Hall never provided to the Commonwealth text messages that had been provided to him by [Appellant] and [Appellant's] mother and that

- 6 -

were ultimately precluded at trial because of discovery violations. Had these text messages not been precluded, [Appellant] would have been able to challenge the credibility of and/or impeach the complainant." This averment misrepresents the record. The text messages (and [Appellant's] mother's testimony relating thereto) were not ultimately precluded for any failure to provide them in discovery, rather they were precluded because they were irrelevant. This issue was fully litigated on appeal and [Appellant's] claim of error was rejected by the Superior Court. Since the claim of error upon which [Appellant] bases his assertion of ineffectiveness has been previously litigated and decided against him, [Appellant] is not eligible for relief. 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the [defendant] must plead and prove by a preponderance of the evidence all of the following: . . . That the allegation of error has not been previously litigated or waived"). Counsel cannot be found ineffective for failing to do something that was futile, which in this case is his alleged failure to turn over irrelevant, inadmissible text messages. Further, [Appellant] acknowledged having a copy of the text messages produced by his mother. Therefore, [Appellant] could have provided them to the Commonwealth at any point during the six (6) months between assuming his own defense on March 20, 2017, and the commencement of trial on November 6, 2017.

[Appellant] also alleges that [Attorney] Hall failed to make sufficient visits to him while he was incarcerated, but [Appellant] does not relate this to any prejudice, an essential element of an ineffectiveness claim. . . .

In sum, because [Appellant] represented himself from March 20, 2017, through trial in November of 2017, he cannot allege the ineffectiveness of standby counsel in not objecting to questions or testimony; that responsibility lay with [Appellant] as the person trying the case. Additionally, assuming for the sake of argument that [Attorney] Hall did fail to turn over text messages prior to [Appellant] assuming his own representation, he cannot be found ineffective because the messages were found inadmissible on grounds having nothing to do with [Attorney] Hall. The claims regarding production of the text messages were previously litigated and found devoid of merit. There was no prejudice to [Appellant] from the alleged failures of [Attorney] Hall in regard to the text messages, visiting [Appellant] or not accepting his mother's phone calls, and therefore counsel cannot be ineffective.

> Having reviewed the counseled PCRA petition and the record relevant to [Appellant's] claims, the court is satisfied from its review that there are no genuine issues concerning any material fact and that [Appellant] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

PCRA Ct. Order & Op. at 1-2 n.1 (some formatting altered and some citations omitted).

Based on our review of the record, we discern no error of law in the PCRA court's conclusions. **See Lawson**, 90 A.3d at 4. The PCRA court thoroughly addressed Appellant's claims regarding Attorney Hall's role as standby counsel and concluded that Appellant failed to establish a basis for PCRA relief. **See Spotz**, 47 A.3d at 83; **Daniels**, 963 A.2d at 419. Therefore, we affirm based on the PCRA court's analysis of this issue. **See** PCRA Ct. Order & Op. at 1-2 n.1.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/08/2022