J-S28003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DION KORNEGAY | : | |
| | : | |
| Appellant | : | No. 1332 EDA 2023 |

Appeal from the PCRA Order Entered May 1, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001939-2017

BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 20, 2024**

Appellant, Dion Kornegay, seeks review of an order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition for postconviction relief.[1] In 2017, following a jury trial, Appellant was found guilty of conspiracy to commit criminal trespass; criminal trespass; and conspiracy to commit aggravated assault. He was sentenced to an aggregate prison term of 10 to 20 years. He timely appealed, and the convictions were upheld. *See Commonwealth v. Kornegay*, No. 1188 EDA 2018 (Pa. Super. filed September 10, 2019) (unpublished memorandum). A petition for postconviction relief filed in 2022 was denied without a hearing. Finding that the PCRA court did not err in summarily dismissing Appellant's claims, we affirm the order on review.

_____

[1] All of Appellant's claims were asserted pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.

This case began on the night of January 24, 2017, at a house party attended by Appellant; his brother ("Beano"); his girlfriend (Lateefah Perry); and others. On that evening, Beano struck the victim, Malika Adamson, during an altercation. Appellant and Perry managed to break up the fight, but Adamson sustained several injuries on her face.

Over the two few days, Adamson conveyed to Appellant that she intended to press charges against his brother. As Beano was serving probation at the time, Appellant adamantly sought to persuade her to settle the dispute without involving the police.

Two days after the physical altercation, on January 26, 2017, Adamson told Appellant during a telephone call that she was going to have his brother "locked up." In response, Appellant, Perry, and two others drove to Adamson's home, and attempted to force their way inside. Adamson managed to secure the front door before any of the would-be intruders could enter the residence.

Appellant and his accomplices then walked back to their vehicle, which was parked about a block away from Adamson's home. As they were about to drive off, Adamson stepped outside her front door and yelled to Appellant that the police were en route. Appellant then drew a handgun from his pocket and opened fire several times in Adamson's direction.

Adamson was not injured by the gunfire, but police collected Appellant's electronic communications with her, as well as cartridge casings from the weapon he had used. Appellant and Perry were both charged with numerous

criminal offenses as a result of that incident, and they were tried together as co-defendants.

At the trial, once the jury was empaneled and deliberations had begun, the Commonwealth sought to replace a member of the venire (juror number 6) with an alternate (juror number 13). The record reflects that juror number 6 had insisted on being replaced because she was frustrated that the trial had not yet concluded, and she was upset at missing a presentation she was scheduled to give at school. *See* N.T. Trial, 12/7/2017, at 8–19. Court staff observed that juror number 6 was crying as she explained her predicament to them. The trial court granted the juror's request to be excused over the objection of Appellant's trial counsel. *See id*., at 19-21.

Before seating the alternate, juror number 13, the trial court conducted a colloquy with her as to whether she had been exposed to any improper influences. The alternate juror answered that she had asked another potential juror about the trial, but she explained that it was a brief conversation, and that no material information had been conveyed. Juror number 13 assured the trial court that the conversation had in no way influenced her outlook on the case, or her ability to deliberate impartially. *See* N.T. Trial, 12/7/2017, at 29.

The trial court found juror number 13 to be credible, and she was sworn in as a member of the panel. The jury was then instructed that all prior deliberations had to be disregarded so that they could begin deliberating anew. *See* N.T. Trial, 12/7/2017, at 30. Significantly, Appellant's trial counsel

- 3 -

had conferred with him about the substitution and relayed to the trial court that he had no objection to the alternate juror being seated: "I spoke with my client a second ago about it, he indicated that he's ok with Juror Number 13 sitting as opposed to 6." *See* N.T. Trial, 12/7/2017, at 28-29.

The jury deliberations resumed, and Appellant was found guilty of the offenses enumerated above. He was initially sentenced to a term of 10 to 20 years as to the offense of conspiracy to commit aggravated assault; he also received a consecutive term of two to four years for conspiracy to commit criminal trespass, and a concurrent term of two to four years as to the offense of criminal trespass. On direct appeal, this Court vacated the sentence in its entirety because the two conspiracy counts should have been merged for sentencing purposes. *See v. Kornegay*, No. 1188 EDA 2018, at 14-15. Appellant's new sentence on remand mirrored the original, except that no further penalty was imposed as to the offense of conspiracy to commit criminal trespass, thereby curing the earlier defect.[2]

In 2020, Appellant, with the aid of counsel timely filed a PCRA petition in which he claimed that trial counsel and appellate counsel on direct appeal were ineffective in failing to challenge the substitution of juror number 13. The PCRA court entered a Rule 907 notice of intent to dismiss the petition

---

[2] Appellant's initial direct appeal was discontinued before the issues he raised were resolved on the merits, but he filed a PCRA petition seeking reinstatement of his appellate rights, *nunc pro tunc*, and that petition was granted.

without a hearing, to which Appellant filed a response. The PCRA court then dismissed the petition in 2023.

Appellant timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925. In his brief, Appellant now raises three issues:

> I. Whether the PCRA court erred in not granting relief on the PCRA petition alleging Trial Counsel was ineffective for failing to object to the seating of juror No. 13 and the removal of juror No. 6.
>
> II. Whether the PCRA court erred in not granting relief on the PCRA petition alleging Appellate Counsel was ineffective for failing to raise the issue of the seating of Juror No. 13 and the removal of juror No. 6.
>
> III. Whether the PCRA court erred in not granting an evidentiary hearing.

Appellant's Brief, at 7.

Appellant's first claim, essentially,[3] is that his trial counsel performed ineffectively by failing to inform him that he had the option to move for a mistrial rather than accept the substitution of juror number 6 for juror number 13. *See* Appellant's Brief, at 15-16. According to Appellant, a mistrial would have been warranted because juror number 13 had been unduly influenced by conversations about the case with another potential juror. *See id*.

On review of an order dismissing a petition for postconviction relief, this Court "is limited to examining whether the PCRA court's determination is

_____

[3] Although Appellant summarizes this claim in his statement of the questions involved as concerning trial counsel's failure to object, his argument is instead focused on the purported lack of explanation Appellant was given about his ability to move for a mistrial. *See* Appellant's Brief, at 15-16.

supported by the evidence of record and whether it is free of legal error."

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019).

Consistent with that standard, this Court is bound by the PCRA court's

credibility determinations as long as they are supported by the record.  ***See***

***id***.  However, the PCRA court's legal conclusions are subject to a *de novo*

standard of review.  ***See id***.

At the postconviction stage, counsel is presumed to have been effective.

***See Commonwealth v. Sepulveda***, 55 A.3d 1108, 1117 (Pa. 2012).

Counsel cannot be found ineffective for failing to raise a claim that is meritless.

***See id***.  Moreover, a PCRA petitioner has the burden of proving by a

preponderance of the evidence all three prongs of an ineffectiveness claim:

> (1) the underlying claim is of arguable merit; (2) that counsel had
> no reasonable strategic basis for his or her action or inaction; and
> (3) but for the errors and omissions of counsel, there is a
> reasonable probability that the outcome of the proceedings would
> have been different.

***Id***., at 1033 (quoting ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa.

Super. 2007)).  A claim has arguable merit for the purposes of the PCRA

"where the factual averments, if accurate, could establish cause for relief."

***Id***. (quoting ***Commonwealth v. Stewart***, 85 A.3d 701, 707 (Pa. Super.

2013)).

In the present case, Appellant's claim fails because it lacks underlying

merit.  "The decision to discharge a juror is within the sound discretion of the

trial court and will not be disturbed absent an abuse of that discretion."

*Commonwealth v. Rush*, 162 A.3d 530, 537 (Pa. Super. 2017).  Whether a juror can remain impartial is an issue of demeanor and credibility.  *See id*.

A trial court may replace a juror during deliberations if it is found that the individual is "unable to perform his duties," and substituting the juror with an alternate does not harm the "jury function[.]"  Pa.R.Crim.P. 645(C).  A presumption of prejudice to a defendant arises "where the trial court has substituted an alternate juror after deliberations have begun." *Commonwealth v. Saunders*, 686 A.2d 25, 28 (Pa. Super. 1996).  However, this presumption may be "rebutted by evidence which establishes that sufficient protective measures were taken to ensure the integrity of the jury function."  *Id*.

The record facts in this case support the trial court's credibility determinations regarding the alternate juror.  Juror number 6 insisted that she would not continue deliberations because she had to give a presentation at school.  Trial counsel objected to a substitution of jurors, and that objection was overruled.  Moments later, the trial court questioned juror number 13 about whether she could sit on the jury impartially.  Appellant was present in the courtroom for that colloquy, making him privy to all of the relevant facts.

Juror number 13 was candid in admitting that she briefly spoke with another alternate juror about the case, but she stated that no information was exchanged in the conversation.  Significantly, juror number 13 testified during her colloquy that she had not been influenced at all by her brief conversation with another juror, and the trial court found her credible.  Nothing in the record

undermines the credibility of juror number 13 in that regard. This is undoubtedly why Appellant himself conveyed through trial counsel that he accepted the substitution of the jurors.

On these facts, the trial court acted within its discretion. Juror number 13 was found credible and capable of being impartial. Juror number 6 was found credible in her assertion that she was no longer able to perform her duties. Since the record supports the trial court's credibility determinations, they are binding on this Court. Further, Appellant himself expressed that he was confident in the ability of juror number 13 to deliberate. Thus, the PCRA court did not err in dismissing this ineffectiveness claim because it lacks underlying merit; the factual basis of the claim is also refuted by the record.

In his second issue, Appellant asserts that his counsel on direct appeal performed ineffectively by not raising the above-discussed issue concerning *voir dire*, based on the initial objection of trial counsel to the substitution of the jurors.

A claim of ineffectiveness on the part of appellate counsel may be cognizable under the PCRA as long as the claim has not been previously waived or fully litigated. *See Commonwealth v. McGill*, 832 A.2d 1014, 1022-23 (Pa. 2003); *Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011). The elements of ineffectiveness for appellate counsel are the same as those for trial counsel. *See McGill*, 832 A.2d at 1022-23. Appellate counsel cannot be found ineffective for failing to raise a claim that was waived by trial

counsel, as such issues will not be considered by an appellate court. ***See Commonwealth v. Spotz***, 18 A.3d 244, 278 (Pa. 2011).

We find that Appellant's claim of ineffective appellate counsel has no merit for the reasons already outlined above. It is true that trial counsel had initially objected to juror number 6 being excused from the jury. But following the trial court's colloquy with juror number 13, Appellant *accepted* the jurors' substitution. The result of that acceptance was a waiver of the right to challenge the substitution on direct appeal, as the issue was not preserved for review. Appellant's counsel at the direct appeal stage appeal therefore could not have been ineffective for failure to raise a waived claim that was procedurally barred. ***See id***. Thus, the PCRA court did not err in dismissing this claim of appellate counsel's ineffectiveness.

Appellant's final issue on appeal is that the PCRA court erred in dismissing the above two claims without an evidentiary hearing.

The right to an evidentiary hearing is not absolute; a PCRA court must hold such a hearing when the facts alleged in the postconviction petition, if proven, would entitle the petitioner to relief. ***See Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019). A PCRA petitioner who challenges the dismissal of his claims without a hearing must therefore show that "he raised a genuine issue of fact, which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Id***.

In the case at hand, we find that Appellant did not establish that there were any issues of material fact that could have possibly been resolved in his favor. There was no dispute as to what juror number 6 and juror number 13 stated on the record regarding their ability to sit on the jury. The trial court's credibility determinations as to each juror are supported by the record. Appellant has not specified any remaining issues of fact, or how a hearing could have meaningfully enabled him to develop the factual basis of his claims. Thus, the PCRA court did not abuse its discretion in dismissing Appellant's petition without a hearing, and the dismissal of his petition must stand.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2024